**Judy LaVonne CREWE, Appellant,**

**v.**

**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, NACI Center for Personnel Investigations, Boyers, PA., Appellee.**

**No. 86–5357.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 3, 1987.

Decided Nov. 25, 1987.

Rehearing Denied Jan. 13, 1988.

Douglas Peine, St. Paul, Minn., for appellant.

Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HENLEY, Senior Circuit Judge.

Plaintiff Judy LaVonne Crewe appeals pro se and with appointed counsel[1] from the district court's[2] judgment in favor of defendant United States Office of Personnel Management, NACI Center for Personnel Investigations, Boyers, Pennsylvania, and against Crewe on her employment discrimination action.[3] Crewe alleges that the government discriminatorily refused to hire her because of her handicap of alcoholism. The district court found that Crewe was handicapped as defined in the Rehabilitation Act of 1973, but that the government could not reasonably accommodate her handicap. We affirm.

Appellant is a well-educated woman with a Bachelor of Arts degree in mathematics. Since 1967 Crewe has pursued a career in the defense industry. From February 15, 1981 through February 16, 1982 Crewe was employed by the Naval Ship Weapons System Engineering Station (NSWSES) in Port Hueneme, California. While employed at NSWSES Crewe had a serious drinking problem which interfered with her work. Crewe's supervisor became aware of her problem and the Employee Assistance Team counseled her and encouraged her to seek treatment. Crewe resisted those efforts and her work continued to deteriorate. Crewe resigned from NSWSES after being asked to turn in her activity badge.

Crewe readily admits that she is an alcoholic. Her alcoholism is longstanding (extending back for more than twenty years) and serious. Over the years Crewe has pleaded guilty to five alcohol-related driving offenses. At the time of trial her driver's license had been revoked. Crewe has undergone treatment for her alcoholism on numerous occasions—always without success. Her attitude toward treatment can be characterized as uncooperative, belligerent and litigious. Crewe's drinking continues unabated despite her protestations of desiring treatment and she has repeatedly been placed in detoxification centers on account of her alcohol abuse.[4]

In 1983 Crewe applied for two positions with the federal government. After conducting an investigation into Crewe's background, the Office of Personnel Management (OPM) made a determination that she was unsuitable for federal employment because of her alcohol-related problems. The OPM barred Crewe from applying for federal employment until September 30, 1986. Crewe appealed the OPM's decision to the Merit Systems Protection Board (MSPB), alleging that she had been unlawfully discriminated against on the basis of her handicap, alcoholism. The MSPB affirmed the OPM's decision without a hearing. Crewe then commenced this action in the district court.

The Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794, prohibits employment discrimination against handicapped persons by the federal government, § 791(b), federal contractors, § 793, and recipients of federal grants, § 794. At the outset there can be little doubt that alcoholism is a handicap for the purposes of the Act. The Attorney General of the United States has so concluded, 43 Op.Att'y Gen. 12 (1977); the federal agency charged with implementing

---

1. We express our thanks for appointed counsel's assistance in this matter.

2. The Honorable Janice M. Symchych, United States Magistrate, District of Minnesota. This case was tried to the magistrate by consent of the parties. See 28 U.S.C. § 636(c).

3. The district court broadly construed Crewe's complaint to allege unlawful discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791; the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act Amendments of 1976, 42 U.S.C. § 290dd–1; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the equal protection clause of the fifth amendment to the Constitution. All but Crewe's claim based on the Rehabilitation Act of 1973 warrant no further discussion here and the district court's opinion denying those claims is affirmed. 8th Cir.R. 14.

4. The following is a summary of Crewe's hospitalizations since her resignation from NSWSES:

1982—Fourteen hospitalizations for alcohol related problems including a court ordered commitment to a state hospital;
1983—Six hospitalizations in detoxification centers;
1984—Seven hospitalizations in detoxification centers;
1985—Seven hospitalizations including one commitment to a state hospital.

The record before us does not disclose Crewe's hospital record for years subsequent to 1985.

the Act (the Merit Systems Protection Board) has agreed, *Ruzek v. General Services Administration*, 7 MSPB 307, 7 M.S. P.R. 437 (1981); *Rison v. Department of the Navy*, 23 M.S.P.R. 118 (1984).[5] Commentators also agree, Richards, *Handicap Discrimination in Employment: The Rehabilitation Act of 1973*, 39 Ark.L.Rev. 1, 9–10 (1985); Comment, *Hidden Handicaps: Protection of Alcoholics, Drug Addicts, and the Mentally Ill Against Employment Discrimination Under the Rehabilitation Act of 1973 and The Wisconsin Fair Employment Act*, 1983 Wisc.L.Rev. 725 (1983); and the federal courts have concurred. *Whitlock v. Donovan*, 598 F.Supp. 126, 129 (D.D.C. 1984), *aff'd without opinion*, 790 F.2d 964 (1986).

█ The Act was subsequently amended to exclude from the definition of handicap "any individual who is an alcoholic ... whose current use of alcohol ... prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol ... abuse, would constitute a direct threat to property or the safety of others." 29 U.S. C. § 706(8)(B). This limitation, by its terms, applies only to §§ 793 and 794. *Id.* We find the appellee's position that the alcoholism exclusion extends to § 791(b) to be untenable for several reasons.

First, it would be perverse to any rule of statutory interpretation to extend a specific exclusion limited to two expressly named sections to a third unnamed section. Second, appellee contends that § 706(8)(B) merely codifies the existing definition of the term "qualified individual with handicaps" found in §§ 793 and 794. *See* 124 Cong.Rec. 30,324 (1978) ("The use of the word 'qualified' in sections [793] and [794] already serves this purpose") (statement of Senator Williams). Contrary to appellee's argument, this is strong support that the exclusion was not intended to extend to § 791(b) because § 791(b) does not use the term "qualified." Finally, § 791(b) is intended to make the federal government a

model employer of the handicapped. 29 C.F.R. § 1613.703 (1987); *see* Cong.Rec. S15,591 (Sept. 20, 1978) ("The legislative history of the section [791] illustrates that with respect to the employment of handicapped individuals, Congress expected the Federal Government should be a leader") (statement of Senator Cranston), *quoted in Prewitt v. United States Postal Service*, 662 F.2d 292, 301–02 (5th Cir. Unit A 1981). As part of that goal an affirmative action plan is imposed upon the federal employer, § 791(b), which is not imposed on other employers. *Southeastern Community College v. Davis*, 442 U.S. 397, 407–12, 99 S.Ct. 2361, 2367–70, 60 L.Ed.2d 980 (1979). Therefore, the fact that the § 706(8)(B) exclusion does not apply to § 791(b) is logical because of the federal government's greater affirmative duty in the employment of the handicapped. We now turn to the government's decision not to employ Crewe despite § 791(b).

Section 791(b) prohibits the federal government from denying an individual employment on the basis of that person's handicap when the person, "with or without reasonable accommodation, can perform the essential functions of the position in question ... and who ... [m]eets the experience and/or education requirements ... of the position...." 29 C.F.R. § 1613.702(f) (1987); *see* 29 C.F.R. § 1613.703. The district court found that Crewe possessed the educational requirements of the two positions for which she was considered. The OPM, however, may reject any applicant in order to "promote the efficiency of the service." 5 C.F.R. § 731.201. It is this employment criterion, applicable to most federal jobs, which formed the basis of the OPM's decision not to pursue Crewe's application for employment.

█ A variety of specific factors may be considered in determining whether an applicant will promote the efficiency of the service. 5 C.F.R. § 731.202(b) (1987). The

---

**5.** The "'view of the agency charged with administering the statute is entitled to considerable deference.'" *Young v. Community Nutrition Institute*, 476 U.S. 974, 106 S.Ct. 2360, 2365, 90 L.Ed.2d 959 (1986) (quoting *Chemical Manufacturers Ass'n v. Natural Resources Defense Council*, 470 U.S. 116, 125, 105 S.Ct. 1102, 1107–08, 84 L.Ed.2d 90 (1985)).

OPM found three factors to be determinative of Crewe's application: (1) delinquency in prior employment, § 731.202(b)(1); (2) dishonest conduct, § 731.202(b)(2); and (3) habitual use of alcohol to excess, § 731.202(b)(5). There is no doubt that a factual basis exists for these findings. The OPM is also required to consider a variety of other factors:

(1) The kind of position for which the person is applying ... including its sensitivity;

(2) The nature and seriousness of the conduct;

(3) The circumstances surrounding the conduct;

(4) The recency of the conduct;

(5) The age of the applicant ... at the time of the conduct;

(6) Contributing social or environmental conditions;

(7) The absence or presence of rehabilitation or efforts toward rehabilitation.

5 C.F.R. § 731.202(c). We eschew recataloging the facts of this case as they apply to these factors. It is abundantly clear that they militate in favor of the OPM's decision that rejecting Crewe will promote the efficiency of the service.[6] Having determined that Crewe's handicap entered into the employment decision and that her handicap was relevant to a valid employment criterion, the issue becomes whether the employer could reasonably accommodate Crewe's handicap. *Gardner v. Morris*, 752 F.2d 1271, 1279–80 (8th Cir.1985).

Plaintiff bears the initial burden of proof to make a facial showing that reasonable accommodation is possible. *Id.* at 1280; *Treadwell v. Alexander*, 707 F.2d 473, 478 (11th Cir.1983). In determining whether to hire persons with a prior history of alcohol abuse the federal government has adopted the following policy:

In considering applicants for federal employment who have a history of alcoholism ... the Office of Personnel Management will make its determination on the basis of whether or not the applicant is a good employment risk. In such cases, the length of time since the last abuse of alcohol ... is less important than the steps taken by the applicant to obtain treatment of his or her illness through medical care, rehabilitation, and similar actions.

Federal Personnel Manual System, Alcohol and Drug Abuse Programs, subch. S6–5 (Supp. 792–2, Feb. 29, 1980); *see* 5 C.F.R. § 731.202. Crewe's past rehabilitative efforts are relevant to the facial possibility of accommodation.[7] Crewe has suggested a variety of treatment modalities. The government has produced voluminous evidence that all of the past treatment efforts aimed at Crewe have, without exception, failed due to her refusal to cooperate. Past failures alone will not always negate the possibility of accommodation when countervailing evidence of possible success exists. From the present record, however, we are unable to glean even a scintilla of evidence that would suggest that Crewe's future efforts to control her drinking would be pursued or would succeed. The district court correctly found that Crewe did not make the required showing of possible accommodation.

Affirmed.

---

**6.** We express no opinion whether an active alcoholic's drinking could form the basis of an adverse employment decision when there is no effect on actual job performance. *See* 124 Cong.Rec. 30,324 (1978) ("Many 'active' alcoholics ... hold jobs and perform them satisfactorily.... [T]he Rehabilitation Act protects such persons ... from being fired solely because of their alcoholism....") (statement of Senator Hathaway). Here, there is abundant evidence that Crewe's alcoholism seriously impacted her job performance.

**7.** For example, a blind person applies for a federal position requiring the reading of printed material. Although a variety of accommodations are theoretically possible (such as optical scanners or sighted readers), if the blind applicant has in the past consistently refused to utilize the accommodations he may have failed to carry his initial burden of showing possible accommodation.