[No. 19833-5-I.   Division One.   May 16, 1988.]

BRYCE A. PHILLIPS, *Appellant,* v. THE CITY OF SEATTLE,
ET AL, *Respondents.*

*Abraham A. Arditi,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Gordon B. Davidson, Assistant,* for respondents.

COLEMAN, A.C.J.—Bryce Phillips appeals from the jury verdict and judgment entered thereon dismissing his wrongful discharge claim against the City of Seattle. We affirm.

In July 1979, Bryce Phillips began working as a plumber for the City. His absentee record apparently was no cause of concern until late 1982 when Phillips began using unusual amounts of sick leave. His immediate supervisor, Phil Hyde, spoke with Phillips in February 1983 about the absences and referred him to the Employees' Assistance Program (EAP) for counseling.

Phillips testified that he told Hyde that he was an alcoholic. Hyde denied that Phillips told him of his alcoholism. Phillips was unaccountably absent from work from Wednesday, February 9, 1983 to Monday, February 14. The following day he was issued a first written warning and was retroactively suspended without pay for 20 hours. In March 1983, Phillips counseled with Tom Fridel of the EAP about his alcoholism. Fridel diagnosed Phillips as a "periodic alcoholic" and discussed with him treatment options ranging from abstinence and Alcoholics Anonymous to inpatient treatment, which Phillips indicated he could not afford.

When Phillips failed to follow up on any of these options, Fridel advised Phillips' supervisor that Phillips was not cooperating with EAP evaluation and treatment. Fridel denied having mentioned, however, that Phillips' problems

were alcohol related. Fridel testified that EAP confidentiality policy barred him from divulging to Phillips' supervisors the cause of Phillips' absenteeism.

Phillips worked without absence until Monday, April 18, 1983, when he was again absent without leave or notice. He next returned on Thursday, April 21, 1983, and was issued a second written warning and suspended without pay retroactively for 32 hours. The warning made continued employment contingent on there being no subsequent unauthorized absence and upon completing whatever program the EAP recommended.

Phillips did not report for work on Monday, April 25, 1983, and did not notify his supervisor of his absence. He was terminated on April 28, 1983. At this same time, Phillips' alcoholism reached a crisis stage that resulted in hospitalization and detoxification. The City refused Phillips' request that his position be held open for him and that he be rehired upon successful completion of inpatient alcoholism treatment.

Phillips appealed his termination to the Seattle Civil Service Commission on January 26, 1984, and was represented by a union business agent. On March 15, 1984, the Commission ruled, with one member dissenting, that the City had just cause to terminate Phillips. Phillips then hired counsel who filed a motion for reconsideration on April 16, 1984, based on the Commission not having addressed the issue of the City's reasonable accommodation of Phillips' alleged handicap. The Commission denied the motion on June 5, 1984, saying that it had considered Phillips' alcoholism in reaching its judgment and that Phillips had not properly raised the reasonable accommodation issue.

Phillips then timely filed this action. Phillips' amended complaint filed June 19, 1984, alleged that the City of Seattle violated RCW 49.60 by failing to reasonably accommodate his handicap, alcoholism, and that the City Civil Service Commission acted illegally in upholding Phillips'

termination. He sought reinstatement, damages, and attorney's fees.

The case proceeded to trial on November 18, 1986, and a verdict for the City was returned. This appeal was then taken.

While the definition of a handicap was not a focal point in the proceedings below, the parties now agree that the crucial issue in this appeal is the scope of the antidiscrimination provisions of RCW 49.60. The threshold question in this case is whether appellant's alcoholism was a handicap under RCW 49.60. We note that there is no issue in this case of discrimination against appellant on the basis of his status as an alcoholic. The parties do not suggest he was dismissed simply because he was an alcoholic. In fact, the evidence is undisputed that he was terminated for repeated unauthorized absences. Neither is there any suggestion that the asserted reason for termination was a pretext for dismissing appellant because he is an alcoholic. Thus, appellant's only claim at trial was that the City was required to reasonably accommodate his handicap and that it failed to do so, thereby making his termination wrongful.

In order to prevail at trial, appellant was required to show either that he was fired despite satisfactory job performance because he was handicapped or that although his job performance was unsatisfactory, it would not have been so had the City made reasonable accommodation of his handicap. *Clarke v. Shoreline Sch. Dist. 412,* 106 Wn.2d 102, 118, 720 P.2d 793 (1986) (termination for good cause may still violate RCW 49.60[1] if employer failed to make

---

[1]RCW 49.60.180(2) provides:

It is an unfair practice for any employer:

. . .

(2) To discharge or bar any person from employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical handicap.

It should be noted that the statute itself makes no mention of reasonable accommodation. The statute, however, has been interpreted to require reasonable accommodation of an employee's handicap. *Holland v. Boeing Co.,* 90 Wn.2d 384, 388–89, 583 P.2d 621 (1978); WAC 162-22-080.

reasonable accommodation). Thus, in order to establish his prima facie case at trial, appellant was required to prove that his alcoholism was a handicap. *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 579, 731 P.2d 497 (1987). Whether a disease is a handicap under RCW 49.60 is a question of law. *Reese*, at 579–80. Under these facts, however, we do not reach the question of whether alcoholism can ever be a handicap under RCW 49.60 because it is clear that appellant's particular alcoholic condition did not meet the definition of handicap:

> For the purposes of RCW 49.60, handicaps are defined as physical, mental, or sensory impairments that would impede that individual in obtaining and maintaining permanent employment and promotional opportunities. The impairments must be material rather than slight; *static and permanent in that they are seldom fully corrected by medical replacement, therapy, or surgical means.*
> WAC 162–22–030[.]

(Italics ours.) *Reese*, at 579–80.

 While there is no question appellant suffers from the disease of alcoholism and is periodically debilitated during those times when he is drinking alcohol, his impairment does not come within the scope of this narrow definition of handicap promulgated in WAC 162–22–030 and adopted by the *Reese* court. The precise use of the term "impairments," modified by the adjectives "physical," "mental," or "sensory" defines a handicap more narrowly than a disease or physical defect; it must be a functional debilitation. Furthermore, the impairment must be *static* or *permanent, i.e.,* it cannot be a transitory condition or illness that can be ameliorated by treatment.

Appellant's alcoholism does not appear to be the kind of impairment contemplated by RCW 49.60. Uncontradicted evidence adduced at trial showed that appellant's impairment was neither static, permanent, nor unamenable to medical treatment: (1) appellant suffered "periodic alcoholism," *i.e.,* periods of abstinence punctuated by episodes of uncontrolled drinking; (2) appellant's work record reflects

steady attendance during periods when he was not impaired by alcohol, but a pattern of unauthorized and frequent absences when he was drinking; (3) the record indicates that appellant's condition was not unamenable to treatment but, on the contrary, was successfully treated.[2]

Thus, leaving aside the question of whether alcoholism itself may ever constitute a handicap under RCW 49.60,[3] it is clear that appellant's alcoholism does not constitute the

---

[2]Appellant produced an expert at trial who testified that the disease of alcoholism is chronic, *i.e.,* permanent, but that with modern treatment, 70 percent of alcoholics treated are able to stop drinking.

We recognize that the disease of alcoholism is permanent, *i.e.,* that even when alcoholics stop drinking, they are not considered cured, but only "recovering." Nonetheless, the statutory definition of handicap at issue here focuses not on the permanence of the disease, but on the permanence of the impairment.

[3]Appellant correctly points out that alcoholism is considered a handicap under the antidiscrimination sections of the Federal Rehabilitation Act of 1973. *See, e.g., Ferguson v. United States Dep't of Commerce,* No. 86–079–CIV–T–17, slip op. (M.D. Fla. Mar. 1, 1988); *Walker v. Weinberger,* 600 F. Supp. 757, 761 (D.D.C. 1985); *Whitlock v. Donovan,* 598 F. Supp. 126, 129 (D.D.C. 1984), *aff'd sub nom. Whitlock v. Brock,* 790 F.2d 964 (D.C. Cir. 1986). The act generally forbids handicap discrimination in any federally funded activity.

No otherwise qualified individual with handicaps in the United States, as defined in section 706(8) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794 (Supp. 1986). The act defines "individuals with handicaps," for purposes of the antidiscrimination provision, as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(8)(b) (Supp. 1986). Under this definition, persons having current problems with, or histories of, alcoholism are "individuals with handicaps." *Simpson v. Reynolds Metals Co.,* 629 F.2d 1226, 1231 n.8 (7th Cir. 1980). Thus, the antidiscrimination protection afforded to alcoholics under the federal cases follows from the very broad scope of the federal definition of "individuals with handicaps." We note that appellant's alcoholic condition at the time he was terminated may well have fit within the federal definition of "individuals with handicaps."

The comparable Washington definition of handicap adopted under RCW 49.60, however, is much narrower; in particular, it requires that the impairment be static, permanent, or unamenable to medical treatment. Thus, the federal cases cited by appellant only underscore the broader scope of the federal definition of

"static and permanent" kind of "physical, mental, or sensory impairments" that "are seldom fully corrected by medical . . . therapy". *Reese,* at 579. The kinds of handicap heretofore recognized under that chapter all involve far less transitory disability than that exhibited by appellant. *Reese,* at 579 (chronic bronchitis is a handicap); *Clarke,* at 104 (legally blind teacher with bilateral hearing impairments is handicapped); *Dean v. Metropolitan Seattle,* 104 Wn.2d 627, 631, 708 P.2d 393 (1985) (bus driver's blindness in one eye is a handicap). These cases illustrate the kinds of impairment that fall within the scope of the antidiscrimination provisions of RCW 49.60 because their permanence and resistance to treatment require alteration of the workplace environment or job function to permit satisfactory employee performance. Appellant's alcoholism, however, is distinguishable from the diseases cited above because the impairment associated with it is neither permanent nor resistant to treatment. Appellant, as plaintiff below, failed to establish a prima facie case that his condition was a handicap under RCW 49.60.[4]

Because of our resolution of this issue, we do not reach appellant's contentions concerning error in the conduct of the trial.

---

handicap. While our Legislature may wish to expand the scope of this State's definition, it is not the province of this court to make that kind of policy decision. *See Moses Lk. v. Grant Cy.,* 39 Wn. App. 256, 263, 693 P.2d 140 (1984).

[4]While we do not reach the issue, we note that the facts in this case may not support appellant's contention that the City failed to make reasonable accommodation. Appellant's termination process was conducted in full accordance with the procedural safeguards outlined in the personnel regulations of Seattle Municipal Code 4.04.230 (Discipline and Termination). Appellant was issued a series of written warnings that further absences would cause the City to terminate his employment. The City arranged counseling and made continued employment contingent on appellant pursuing his counselor's treatment recommendation. Nonetheless, appellant did not speak to his supervisors and request sick leave or other accommodation of his condition. Appellant did not even pursue his counselor's treatment recommendation and eventually was terminated for a subsequent unauthorized absence. Thus, it is not at all clear that the City failed to reasonably accommodate his condition.

We next address whether the trial court erred in refusing to grant appellant's writ of certiorari. Appellant asked the court to review the Civil Service Commission finding that appellant had been fired with just cause.

A statutory writ of certiorari is one method by which decisions of the Civil Service Commission of the City of Seattle may be reviewed by the superior court. *Vance v. Seattle,* 18 Wn. App. 418, 423, 569 P.2d 1194 (1977). RCW 7.16.040 sets forth the grounds upon which a writ may be granted:

> A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

With the application for a writ, appellant must submit material in support of it specifically designating the jurisdictional excesses, abuses of discretion, or errors of law that substantially prejudiced appellant at the administrative hearing. *See Concerned Olympia Residents v. Olympia,* 33 Wn. App. 677, 683, 657 P.2d 790 (1983).

In his writ application, appellant alleged that the City violated RCW 49.60 by failing to reasonably accommodate his handicap and that the Commission acted illegally by upholding his termination.

The trial court permitted appellant to go to trial on the issue of reasonable accommodation because the issue had not been determined by the Commission. Thus, appellant had an adequate remedy at law on the issue for which he sought review by certiorari. Furthermore, the fact that the relief he sought from the jury was identical to that he sought from the Commission also establishes he had an adequate remedy at law. For these reasons, the trial court did not err in refusing to grant appellant's writ by dismissing his third claim. *Chaussee v. Snohomish Cy. Coun.,* 38

Wn. App. 630, 645, 689 P.2d 1084 (1984); *State v. Cascade Dist. Court,* 24 Wn. App. 522, 525, 603 P.2d 1264 (1979) (statutory writ not available when party seeking it has adequate remedy at law); *Bridle Trails Comm'ty Club v. Bellevue,* 45 Wn. App. 248, 252, 724 P.2d 1110 (1986) (court has no jurisdiction to grant statutory writ unless all statutory factors are present).

The trial court also did not err by refusing to grant a writ under its inherent powers. A decision not to grant such a writ will be disturbed only on a showing that the court abused its discretion in refusing to do so. *Bridle Trails,* at 252. An abuse of discretion occurs when a court's decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The reasons cited above provide a tenable basis for the court's refusal to grant a writ under its inherent powers. Accordingly, the trial court properly refused to grant appellant's request for a writ of certiorari.

The judgment of the Superior Court is affirmed.

WILLIAMS and WINSOR, JJ., concur.

Review granted by Supreme Court October 4, 1988.