[No. 55259–2. En Banc. January 19, 1989.]

BRYCE A. PHILLIPS, *Petitioner,* v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*Abraham A. Arditi,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Gordon B. Davidson, Assistant,* for respondents.

DOLLIVER, J.—On July 2, 1979, Bryce A. Phillips was hired by the City of Seattle to work as a plumber. In late 1982, Phillips began to take significantly more sick leave than his co-workers. Apparently, this increased absenteeism was a consequence of plaintiff's drinking. In February 1983, plaintiff's supervisor spoke with Phillips about the absences and referred him to the Employee Assistance Program (EAP) for counseling. It was disputed whether plaintiff told defendant he was an alcoholic at this time. Plaintiff

was unaccountably absent from work from February 9 to February 14, 1983. The following day, plaintiff was issued a first written warning and suspended for 20 hours.

In March 1983, plaintiff met with an EAP counselor who diagnosed plaintiff as a "periodic alcoholic" and recommended various treatment options. The EAP counselor did not inform the City about Phillips' alcoholism because of the requirements of confidentiality. Plaintiff failed to follow up on these options, but worked without incident until April 18 when he was absent again without leave or notice until April 21. On April 21, plaintiff was issued a second written warning and suspended for 32 hours. The warning conditioned further employment upon no subsequent unauthorized absences and upon complying with the recommendations of EAP.

On April 22, plaintiff was absent from work without leave or notice. On April 26, after plaintiff had still not reported for work, defendant terminated him. The City based the termination solely upon the excessive absenteeism of plaintiff. There were no allegations plaintiff drank or was under the influence of alcohol during work. Plaintiff was ultimately hospitalized for detoxification by his family. The City refused to hold his position open pending successful completion of the inpatient program.

Plaintiff appealed to the Civil Service Commission of the City of Seattle which ruled there was just cause for the termination. Plaintiff's motion for reconsideration was denied.

Plaintiff filed an action in the Superior Court for King County alleging the City violated RCW 49.60 by failing reasonably to accommodate his handicap, and the Civil Service Commission acted illegally in upholding the termination. The case went to trial and a jury verdict was returned for the City. Plaintiff appealed to the Court of Appeals taking issue with the trial instructions on the meaning of "handicap", on the employer effort needed reasonably to accommodate a handicap, and on the sufficiency of the evidence when viewed under plaintiff's instructions. The Court of Appeals upheld the jury verdict although it

used a different definition of handicap and ruled "periodic alcoholism" was not a handicap under that definition as a matter of law. *Phillips v. Seattle,* 51 Wn. App. 415, 754 P.2d 116 (1988). Phillips petitioned to this court which granted review. We affirm the Court of Appeals in upholding the jury verdict but take exception to its view as to the proper definition of handicap for unfair practice purposes.

## I

The Washington Law Against Discrimination (RCW 49.60) defines unfair practices of employers in refusing to hire, in discharging, in terms of employment, and in advertising for employment. RCW 49.60.180(1)–(4). As to discharge, the statute provides:

It is an unfair practice for any employer:

. . .

(2) To discharge or bar any person from employment because of . . . the presence of any sensory, mental, or physical handicap.

RCW 49.60.180(2). The statute does not define handicap. However, the statute does delegate the authority to the Washington State Human Rights Commission (Commission) to adopt and promulgate "rules and regulations to carry out the provisions of this chapter . . ." RCW 49.60-.120(3). Pursuant to this delegation, the Commission promulgated WAC 162–22–040, which defined handicap for purposes of "determining whether an unfair practice under RCW 49.60.180 . . . has occurred". The 2–part definition in WAC 162–22–040 is as follows:

(a) A condition is a "sensory, mental, or physical handicap" if it is an abnormality and is a reason why the person having the condition did not get or keep the job in question . . . In other words, for enforcement purposes a person will be considered to be *handicapped* by a sensory, mental, or physical condition if he or she is *discriminated against because of the condition* and the condition is abnormal.

(b) "The presence of a sensory, mental, or physical handicap" includes, but is not limited to, circumstances where a sensory, mental, or physical condition:

(i) Is medically cognizable or diagnosable;

(ii) Exists as a record or history; or

(iii) Is perceived to exist, whether or not it exists in fact.

WAC 162-22-040(1)(a), (b). This definition requires the "presence" of a handicap and that this condition be the reason for the discharge. This definition was properly included in the trial court's instructions.

The Court of Appeals did not use this definition in holding periodic alcoholism was not a handicap as a matter of law. *See Phillips v. Seattle, supra* at 419. Rather, it relied upon *Reese v. Sears, Roebuck & Co.,* 107 Wn.2d 563, 579-80, 731 P.2d 497 (1987) and held plaintiff's periodic alcoholism was not a handicap because the impairment was not static and permanent and could be ameliorated by treatment. *Phillips,* at 420-21. *Reese* stated:

> For the purposes of RCW 49.60, handicaps are defined as physical, mental, or sensory impairments that would impede that individual in obtaining and maintaining permanent employment and promotional opportunities. The impairments must be material rather than slight; static and permanent in that they are seldom fully corrected by medical replacement, therapy, or surgical means.
>
> WAC 162-22-030 . . .

*Reese,* at 579-80. This definition of handicap is found in WAC 162-22-030 and was promulgated by the Commission solely "for affirmative action and reporting purposes". WAC 162-22-030(2). The Commission states:

> The commission will recognize a different definition of handicap for purposes of affirmative action and reporting than for purposes of law enforcement. The emphasis in law enforcement is to leave no one out. The emphasis in affirmative action must be to avoid including in so many persons that statistics become meaningless.

WAC 162-22-030(1). Although our holding in *Reese* did not need to rely on WAC 162-22-040(1)(a), (b), *Reese* might be construed as a rejection by the court of the Commission's law enforcement definition. *Reese,* at 579-80.

■ The Commission's particular definition of handicap for unfair practice claims is entitled to be given great weight as it is the construction of the statute by the administrative body whose duty it is to administer its terms. *Mall, Inc. v. Seattle,* 108 Wn.2d 369, 739 P.2d 668 (1987); *Danielson v. Seattle,* 108 Wn.2d 788, 742 P.2d 717 (1987); *Holland v. Boeing Co.,* 90 Wn.2d 384, 389, 583 P.2d 621 (1978); *Kimmel v. Crowley Maritime Corp.,* 23 Wn. App. 78, 83, 596 P.2d 1069, *review denied,* 92 Wn.2d 1026 (1979). Additionally, the statutory protections against discrimination are to be liberally construed and its exceptions narrowly confined. *See* RCW 49.60.020; *Nucleonics Alliance, Local 1–369 v. WPPSS,* 101 Wn.2d 24, 29, 677 P.2d 108 (1984). If the affirmative action definition of handicap is used in unfair practice cases, a large number of people will be excluded from the protection of the laws against discrimination.

The application of the narrower definition in *Reese* did not affect the outcome of that case because the court found the condition there constituted a handicap even under the affirmative action definition. However, in this case the outcome is affected. Given the legislative mandate that the coverage of the act's provisions be liberally construed, the deference which the Commission's definition should be given, and the confusion which might arise from an apparent inadvertent rejection of the proper definition of handicap without explanation, we hold the definition of handicap given in *Reese* does not apply in unfair practice cases.

The Court of Appeals application of the affirmative action definition of handicap in this case which involves an alleged unfair practice was erroneous. However, because the trial court correctly instructed the jury as to the definition of handicap, the erroneous definition by the Court of Appeals has no effect on the outcome of this case.

## II

The next issue is whether alcoholism is a handicap under the law enforcement definition as a matter of law or

whether the trial court properly submitted the question to the jury. There is conflict in other jurisdictions as to whether particular conditions should be determined handicaps as a matter of law. Some states define conditions as handicaps as a matter of law. *See Clowes v. Terminix Int'l, Inc.*, 109 N.J. 575, 538 A.2d 794 (1988); *Babcock & Wilcox Co. v. Ohio Civil Rights Comm'n*, 31 Ohio St. 3d 222, 510 N.E.2d 368 (1987); *Hazlett v. Martin Chevrolet, Inc.*, 25 Ohio St. 3d 279, 496 N.E.2d 478 (1986); *Consolidated Freightways, Inc. v. Cedar Rapids Civil Rights Comm'n*, 366 N.W.2d 522 (Iowa 1985). Other states hold whether a condition is a handicap is a question of fact for the jury. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314 (Tex. 1987); *Salt Lake City Corp. v. Confer*, 674 P.2d 632 (Utah 1983).

▪ There is also conflict among the decisions of this court. In *Kimmel v. Crowley Maritime Corp., supra,* the Court of Appeals held that whether a particular condition is a handicap is a question of law. This decision was followed in *Reese. See Reese v. Sears, Roebuck & Co., supra* at 579. However, in *Shannon v. Pay 'N Save Corp.*, 104 Wn.2d 722, 728, 709 P.2d 799 (1985), we held the existence of discrimination in violation of RCW 49.60 was a question of fact. The law enforcement definition is defined in terms of the existence of discrimination in providing that a person is handicapped "if he or she is *discriminated against because of the condition . . .*" WAC 162–22–040(1)(a). We find the nature of the inquiry under WAC 162–22–040(1)(a) as to whether a person is "handicapped" to be factual in nature and proper for submission to a jury.

Whether a condition was the reason for a dismissal depends upon the documentation of the employer, testimony regarding the dismissal, and other relevant facts. The jury should decide this question after deliberation, rather than courts deciding based upon the same facts as a matter of law. Similarly, the nature of the inquiry as to the "presence" of a handicap is properly a jury question. The issue under WAC 162–22–040(1)(b) depends upon expert medical testimony under (b)(i), on relevant medical documentation

under (b)(ii), and on state of mind in (b)(iii). Therefore, we disapprove the *Kimmel* holding that whether a particular condition is a handicap is a question of law and, to the extent necessary, also overrule *Reese*. Unless the Legislature chooses to declare a particular condition a handicap, the issue of whether a person is handicapped under RCW 49.60 is a question of fact for the jury. In this case, the trial court properly submitted the question to the jury.

We expressly left open the question of whether alcoholism is a handicap under RCW 49.60 in *Brady v. Daily World,* 105 Wn.2d 770, 777, 718 P.2d 785 (1986). The exact nature of alcoholism has not been delineated by the medical community, and we do not presume to define it as a handicap as a matter of law. Although the federal courts have consistently held alcoholism is a handicap under the federal Rehabilitation Act of 1973, *see, e.g., Crewe v. United States Office of Personnel Mgt.,* 834 F.2d 140 (8th Cir. 1987); *Whitlock v. Donovan,* 598 F. Supp. 126, 129 (D.D.C. 1984), *aff'd sub nom. Whitlock v. Brock,* 790 F.2d 964 (D.C. Cir. 1986); *Tinch v. Walters,* 765 F.2d 599, 601, 603–04 (6th Cir. 1985); *Simpson v. Reynolds Metals Co.,* 629 F.2d 1226, 1231 (7th Cir. 1980), Congress amended the act in 1986 to exclude from the definition of handicap "any individual who is an alcoholic . . . whose current use of alcohol . . . prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol or drug abuse, would constitute a direct threat to property or the safety of others." 29 U.S.C. § 706(8)(B) (Supp. 1986). We believe a determination as to whether alcoholism is a handicap under RCW 49.60 is, at the outset, properly left to the Legislature after hearings and debate.

### III

■ Phillips also asks this court to determine what type of reasonable accommodation is due an alcoholic employee. However, we have stated whether reasonable accommodation was made by an employer is a question of fact for the

jury. *Reese v. Sears, Roebuck & Co., supra* at 580. The Commission has promulgated regulations which provide:

It is an unfair practice for an employer to fail or refuse to make reasonable accommodations to the sensory, mental, or physical limitations of employees, unless the employer can demonstrate that such an accommodation would impose an undue hardship on the conduct of the employer's business.

WAC 162–22–080(1). The trial court instruction on reasonable accommodation followed this regulation. It is a jury question whether the employer's actions constituted a reasonable accommodation or whether the employee's requests would have placed an undue burden on the employer. Phillips requested his job be kept open until he completed an inpatient treatment program. The City refused. Whether keeping his job open was an undue burden or a reasonable accommodation was a question for the jury and will not be imposed as a matter of law. The trial court properly instructed the jury based upon the Commission's regulation.

Plaintiff also challenges the trial court's failure to instruct the jury that reasonable accommodation requires more than de minimis effort by the employer. This court has rejected the de minimis effort test. *Holland v. Boeing Co.*, 90 Wn.2d 384, 390, 583 P.2d 621 (1978) (citing *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 53 L. Ed. 2d 113, 97 S. Ct. 2264 (1977)). The trial court's reasonable accommodation instruction placed the burden on the employer to show that accommodation would be an undue burden. Necessarily, any reasonable accommodation not requiring an undue burden would be required. This instruction is sufficient for Phillips to argue his theory of the case that the City did not accommodate him. *See State v. Ng*, 110 Wn.2d 32, 41, 750 P.2d 632 (1988) (instructions are sufficient if they permit a party satisfactorily to argue its theory of the case).

Phillips received a fair trial. The jury returned a verdict for the City, and we will not second–guess its judgment.

Although we do so on different grounds, we affirm the action of the Court of Appeals in upholding the jury verdict.

CALLOW, C.J., and UTTER, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.

BRACHTENBACH, J., concurs in the result.

Reconsideration denied March 22, 1989.