[No. 19647-0-III.   Division Three.   February 14, 2002.]

JOYCE ERWIN, *Appellant*, v. ROUNDUP CORPORATION, *Respondent*.

---

*Lynn A. Watts*, for appellant.

*Keller W. Allen* and *Mary M. Palmer* (of *Allen & McLane, P.C.*), for respondent.

KATO, J. — Joyce Erwin brought suit against Fred Meyer for disability discrimination after it terminated her. The jury returned a verdict for Fred Meyer. Claiming the court failed to properly instruct the jury on reasonable accommodation and undue hardship, Ms. Erwin appeals. We reverse and remand for new trial.

In 1989, Joyce Erwin began working for Fred Meyer in Portland. She was promoted to Nutrition Center Manager in 1992. Her duties included scheduling, ordering, stocking

shelves, and performing paperwork and customer service. The job description specifically stated that the Nutrition Center Manager occasionally had to be able to lift and carry up to 50 pounds. Although this was a specific requirement of the job, Ms. Erwin stated that only two items in her area weighed 50 pounds. She rarely lifted any item weighing more than 30 pounds and instead delegated the heavy lifting to other employees.

In 1993, Ms. Erwin was transferred to Spokane's Sullivan Square Fred Meyer. On October 2, 1995, she slipped and fell in the store. She injured her back, hip, and shoulders. Ms. Erwin suffered a permanent partial impairment because of her injuries.

On October 3, 1995, Ms. Erwin was allowed to return to work by her doctor with several restrictions. She was permitted to work only four hours a day and was restricted to lifting no more than 5 to 10 pounds. She was also prohibited from repetitive pushing, bending, or pulling. Fred Meyer accommodated her restrictions, placing her on light duty for 90 days. She retained her title as Nutrition Center Manager during this time.

By the end of December 1995, Ms. Erwin's doctor ordered a leave of absence because her condition was not improving. On April 12, 1996, the doctor again released her to return to work with these restrictions: (1) she could work only four hours a day and (2) she could lift only up to 10 pounds. When the doctor informed Ms. Erwin's supervisor of these restrictions, the supervisor indicated that Fred Meyer would accommodate her.

Ms. Erwin returned to the store, but was unable to check in for work. After waiting around, she was told to go home until the store could check with the corporate office to find out what the problem was. She was subsequently informed that she had used up her 90 days of light duty and could not return to work until she could meet the full physical requirements of her job as Nutrition Center Manager.

In July 1996, Fred Meyer hired a vocational rehabilitation counselor to work with Ms. Erwin to determine if she

could return to the workforce or if she needed retraining. Fred Meyer told the counselor that no modifications could be made to the Nutrition Center Management position.

During this time, Ms. Erwin's condition improved. By September 1996, she was deemed able to work full time and lift up to a maximum of 35 pounds. She could lift 30 pounds occasionally and up to 20 pounds frequently. Unfortunately, the counselor was unable to find any employment opportunities for Ms. Erwin at Fred Meyer.

Ms. Erwin then approached Fred Meyer about the possibility of being transferred to a different position at the Coeur d'Alene store that would be opening in April 1997. She was told she could not transfer internally and would have to fill out an application, which needed to be turned in at the job service center. She took her application to the center, but did not turn it in because the line of people already there was too long.

It became clear that Fred Meyer would not allow Ms. Erwin to return as the Nutrition Center Manager. Fred Meyer asked the vocational counselor to perform a job analysis of an apparel cashier position that was available, but Ms. Erwin's doctor said the lifting and carrying requirements exceeded her abilities. The doctor also stated that Ms. Erwin could not perform the requirements of eight other positions studied.

Fred Meyer terminated Ms. Erwin on February 25, 1997. The store manager indicated in a report that the termination was the result of too many job restrictions. In 1998 and 1999, after she had obtained a lawyer, Fred Meyer offered Ms. Erwin several part-time positions at various other stores in the area. She did not accept these positions.

Ms. Erwin filed this suit for disability discrimination. Her main complaint at trial was Fred Meyer's lack of accommodation of her injury. She claimed that because she was able to perform her job during her 90 days of light duty, the Nutrition Center Manager position could have easily been modified to meet her lifting restrictions.

The jury returned a defense verdict. The jury specifically found that Ms. Erwin had a disability, but that Fred Meyer had not failed to provide reasonable accommodation to her. This appeal follows.

Ms. Erwin and Fred Meyer both submitted 6A WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 330.34, at 251 (1997) (WPI):

[T]he employer must provide a reasonable accommodation for an employee with a disability unless the employer can show that the accommodation would impose an undue hardship on ·the employer.

Ms. Erwin also proposed that the court give WPI 330.36:

An employer is not required to accommodate an employee's disability if it would impose an undue hardship on the operation of the employer's business. The defendant has the burden of proving that an accommodation would impose an undue hardship on the defendant.

The cost or difficulty of accommodating an employee with a disability will be considered to be an undue hardship on the conduct of the employer's business only if it is unreasonably high in view of the size of the employer's business[.]

The court eliminated the clause on undue hardship in WPI 330.34 and refused to give WPI 330.36 in its instructions to the jury. It found the undue hardship instruction unnecessary because Fred Meyer's defense was not based upon undue hardship, but rather upon Ms. Erwin's inability to perform essential functions of her job. The court stated that "it is a bit misleading in the specific context to talk about undue burden or undue hardship when you are talking about a reasonable accommodation issue." Report of Proceedings (RP) (Sept. 21, 2000) at 4. Ms. Erwin claims the court's failure to instruct on undue hardship was reversible error.

When reviewing jury instructions, we consider them in their entirety. *Easley v. Sea-Land Serv., Inc.*, 99 Wn. App. 459, 467, 994 P.2d 271, *review denied*, 141 Wn.2d 1007 (2000). Instructions are proper if (1) they permit both

parties to argue their theory of the case; (2) they are not misleading; and (3) when read as a whole, they properly inform the trier of fact of the applicable law. *Id.* Unless an instructional error is prejudicial, reversal is not required. *Id.* Only if the error affects or presumptively affects the outcome of the trial is the error deemed prejudicial. *Id.*

Washington's Law Against Discrimination, chapter 49.60 RCW, protects individuals from being discriminated against because of a disability. *Martini v. Boeing Co.*, 88 Wn. App. 442, 451, 945 P.2d 248 (1997), *aff'd*, 137 Wn.2d 357, 971 P.2d 45 (1999). "An employer's failure to reasonably accommodate the sensory, mental, or physical limitations of a disabled employee constitutes discrimination unless the employer can demonstrate that such accommodation would result in an undue hardship to the employer's business." *Pulcino v. Fed. Express Corp.*, 141 Wn.2d 629, 639, 9 P.3d 787 (2000). But the prohibition against disability discrimination does not apply if the disability prevents the employee from properly performing his or her job. *Dedman v. Pers. Appeals Bd.*, 98 Wn. App. 471, 483, 989 P.2d 1214 (1999) (citing WAC 162-22-050).

To establish a prima facie case of disability discrimination, the employee must show: (1) the existence of a disability, (2) he or she can perform the essential functions of the job with or without accommodation, and (3) he or she was not reasonably accommodated. *Easley*, 99 Wn. App. at 468; *Dedman*, 98 Wn. App. at 478.

Fred Meyer argues that it did not raise the undue hardship defense at trial, so an undue hardship instruction was unnecessary. But one of the requested accommodations was that Ms. Erwin be able to return to her position as the Nutrition Center Manager without being required to lift over 50 pounds. Fred Meyer countered by presenting testimony that the job could not be done with Ms. Erwin's lifting restrictions. In these circumstances, undue hardship was indeed at issue since she was apparently able to perform satisfactorily the duties of a Nutrition Center Manager

during her 90 days of light duty that included lifting restrictions.

In *Easley*, the court decided whether the jury should have been instructed that the employer must prove a proposed "reasonable" accommodation constituted an undue hardship for the employer. This question was squarely before the jury. *Easley*, 99 Wn. App. at 469. The court noted a close relationship between reasonable accommodation and undue hardship. *Id.* at 469-70. Whether an employer's actions constituted a reasonable accommodation or whether the employee's requests were an undue hardship is a question for the jury. *Id.* at 470 (citing *Phillips v. City of Seattle*, 111 Wn.2d 903, 911, 766 P.2d 1099 (1989)). The Supreme Court has viewed the inquiry as an "either/or" proposition—a reasonable accommodation or an undue burden. *See Phillips*, 111 Wn.2d at 911. Without a proper instruction to the contrary, however, the jury might mistakenly place the burden of proof entirely on the employee. *Easley*, 99 Wn. App. at 470.

> [Court] opinions reflect the contradiction inherent in the notion that an accommodation proved to be "reasonable" can at the same time pose an "undue hardship." That, however, is exactly what the law contemplates. To the average juror, what is an "undue hardship" is *un*reasonable. Thus there is a special need in this area for clear instructions. And the difficulty is compounded by the importance of the shift in the burden of proof. If the jury learns only that the plaintiff must demonstrate reasonableness, the jury hears only half the story.

*Id.* at 471-72.

Ms. Erwin argued she could perform the essential functions of Nutrition Center Manager with reasonable accommodations that restricted her lifting. Fred Meyer had temporarily accommodated her with restrictions on lifting more than 5 to 10 pounds during her 90 days of light duty. There is no indication that Ms. Erwin was unable to perform her duties as Nutrition Center Manager during that time. Fred Meyer nonetheless claimed no modifications or accommodations whatsoever could be made to the

position because she had to be able to lift and carry 50 pounds. A manager did not look at all into whether the job could be modified to accommodate Ms. Erwin.

Whether the proposed accommodations Ms. Erwin sought were reasonable is a question for the jury. However, without being instructed on undue hardship, the jury was not informed of the employer's burden of proof on that issue and was not provided with any indication of the legal relationship between reasonable accommodation and undue hardship. *See Easley*, 99 Wn. App. at 472.

Here, the jury found that Fred Meyer had reasonably accommodated Ms. Erwin's disability. This finding, however, can only mean that the jury believed Ms. Erwin had been reasonably accommodated with respect to the 90 days of light duty and the leave of absence because the evidence showed that no other accommodations were attempted or made for her. But an employer cannot discharge its affirmative obligation to reasonably accommodate a disability by merely providing temporary accommodations for its own employer-mandated inflexible period of 90 days and thereafter doing nothing. Moreover, the 1998 and 1999 part-time job offers were simply not accommodations as they were made after her termination and after she had obtained counsel.

As to accommodations that would allow her to return as Nutrition Center Manager, Ms. Erwin testified they would have been simple: just permit her to continue to do what she had done before, i.e., have other employees help her lift items over her weight limit, permit her to assign her department employees to break down freight and stock heavy items, and continue to stock department shelves with the use of a cart. These were modifications to the job that were made during her light duty period. Without attempting any other modifications following the light duty period, Fred Meyer terminated Ms. Erwin for "too many job restrictions." Undue hardship was clearly before the jury, but it was not instructed on the issue. *See Dedman*, 98 Wn. App. at 485.

The question here is whether the accommodations proposed by Ms. Erwin were reasonable but nonetheless posed an undue hardship for Fred Meyer. Ms. Erwin provided evidence showing that, with reasonable accommodations, she was able to perform the essential functions of the job of Nutrition Center Manager. Fred Meyer then had the burden to show that these accommodations posed an undue hardship. *Lindblad v. Boeing Co.*, 108 Wn. App. 198, 203-04, 31 P.3d 1 (2001). But without an instruction on undue hardship, Fred Meyer was relieved of that burden. Simply because reasonable temporary accommodations had once been made does not necessarily mean that Fred Meyer had no further obligation to reasonably accommodate Ms. Erwin.

We cannot determine whether the jury found that Ms. Erwin failed to prove she could perform the essential functions of the job with reasonable accommodations, or she failed to prove the accommodations she sought were reasonable because they posed an undue hardship for Fred Meyer. *See Easley*, 99 Wn. App. at 472. Showing undue hardship, however, is Fred Meyer's burden and not Ms. Erwin's. The uncertainty as to the basis for the jury's verdict requires vacation of the judgment and remand for new trial. The court's error in failing to instruct the jury on undue hardship and the employer's burden is not harmless in these circumstances.

■ Ms. Erwin has requested an award of attorney fees on appeal. RAP 18.1(b) requires a party to devote a section of its brief to the request for fees. This requires more than a simple request for attorney fees on appeal. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998) (citing *Thweatt v. Hommel*, 67 Wn. App. 135, 148, 834 P.2d 1058, *review denied*, 120 Wn.2d 1016 (1992)). Since Ms. Erwin did not comply with RAP 18.1(b), her request for fees is denied.

Reversed and remanded for new trial.

BROWN, A.C.J., and SWEENEY, J., concur.