[No. 22513–8–I.   Division One.   December 18, 1989.]

CHRISTINE VANT LEVEN, ET AL, *Appellants,* v. HARRY KRETZLER, JR., ET AL, *Respondents.*

*Charles L. Meyer* and *Weckworth, Barer & Meyer,* for appellants.

*Robert R. Hoon* and *Merrick, Hofstedt & Lindsey,* for respondents.

SWANSON, J.—Christine (Rollman) Vant Leven appeals from a summary judgment in favor of respondent Harry Kretzler, M.D., in a medical malpractice action. Vant Leven contends that the trial court abused its discretion in denying a motion for a continuance and that, in any event, material factual issues remain for trial.

Vant Leven was injured in an automobile accident on November 20, 1984. In March 1985, she sought treatment from respondent Dr. Kretzler, an orthopedic surgeon, for chronic neck and back pain, headaches, and leg pain. In April 1985, Dr. Kretzler performed a laminectomy and removed a "huge amount" of disc material. Dr. Kretzler performed a second operation on Vant Leven in August 1985, during which he removed several disc fragments and scar tissue. Another physician performed a third operation on Vant Leven in February 1986, during which a fragment of disc material and scar tissue were removed. On July 31, 1986, Vant Leven filed the instant action, alleging that Dr. Kretzler had negligently failed to remove a disc fragment that "was open and obvious after a myelogram prior to the first operation," necessitating the second operation.

On April 1, 1988, counsel for Vant Leven served interrogatories on counsel for Dr. Kretzler. On April 21, 1988, Dr. Kretzler moved for summary judgment. In support of the motion, Dr. Kretzler, by declaration, set forth a factual

statement describing his treatment of Vant Leven, including a detailed recitation of the procedures performed during the two operations. Dr. Kretzler averred that he was familiar with the applicable standard of care and that the described course of treatment adhered to that standard. Attached to Dr. Kretzler's memorandum in support of the summary judgment motion were 16 pages of Vant Leven's pre– and postoperative medical records.

On May 6, 1988, Vant Leven filed a memorandum in opposition to summary judgment. Relying on CR 56(f), Vant Leven maintained that summary judgment was inappropriate because "discovery is still pending." Counsel for Vant Leven declared that the answers to plaintiff's interrogatories had not yet been received and that in order to obtain an opinion from an expert witness, Dr. L.C. Hoover, it was necessary to obtain the interrogatory answers and to depose Dr. Kretzler. In an attached affidavit, Dr. Hoover, a doctor of osteopathy who had been Vant Leven's treating physician for several years, declared that he was willing to render an opinion as to whether Dr. Kretzler's treatment of Vant Leven had violated the standard of care, but that he "would need to examine additional records and review deposition testimony of Dr. Kretzler." Dr. Hoover stated that he "should be able" to render an opinion within 30 days of Dr. Kretzler's deposition.

Following a hearing on May 10, 1988, the trial court entered summary judgment in favor of Dr. Kretzler, noting that "no contravening expert testimony has been presented." On May 17, 1988, Vant Leven moved for reconsideration, arguing that she should be afforded the opportunity to complete discovery and obtain an expert opinion. Attached to the motion for reconsideration was a supplemental declaration from Dr. Hoover, who stated in pertinent part:

> From reviewing the incomplete files and records that have been supplied to me, it appears more probable than not that the care and treatment provided by Dr. Kretzler fell below the standard of care in this medical community for the treatment

given Christine Vant Leven. Before I render my final opinion, it is necessary that I examine the balance of the medical records relating to Christine Vant Leven's treatment by Dr. Kretzler and, particularly, Dr. Kretzler's sworn deposition testimony along with his post–operative notes, and the explanations given by Dr. Kretzler concerning his course of treatment.

After considering Dr. Hoover's supplemental declaration, the trial court denied the motion for reconsideration, concluding that "it appears to the court that there still exists no suitable or sufficient statement pursuant to CR 56(e) and the applicable case law to meet and oppose defendants' motion for summary judgment . . .".

On appeal, Vant Leven first contends that the trial court erred in refusing to grant a continuance to permit her to depose Dr. Kretzler and obtain an affidavit from Dr. Hoover. In seeking a continuance, Vant Leven relied on CR 56(f), which provides:

> **(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Recently, in *Turner v. Kohler*, 54 Wn. App. 688, 775 P.2d 474 (1989), we reviewed the principles governing CR 56(f):

> CR 56(f) provides a remedy for parties who know of the existence of a material witness and show good reason why they cannot obtain the witness' affidavits in time for the summary judgment proceeding.

(Footnote omitted.) *Turner v. Kohler, supra* at 693. Under such circumstances, the trial court has a duty to provide a party with a reasonable opportunity to complete the record prior to ruling on the summary judgment motion. *Turner v. Kohler, supra; Lewis v. Bell*, 45 Wn. App. 192, 196, 724 P.2d 425 (1986); *Cofer v. County of Pierce*, 8 Wn. App. 258, 262–63, 505 P.2d 476 (1973).

■■ However, the trial court may deny a motion for a continuance when

> (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting

party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.

*Turner v. Kohler, supra* at 693. The trial court's decision on a motion for a continuance will not be disturbed on appeal absent a manifest abuse of discretion. *Turner v. Kohler, supra; Lewis v. Bell, supra.*

Although few Washington cases have addressed CR 56(f), some guidance is provided by *Lewis v. Bell, supra.* In *Lewis*, the plaintiffs, who operated a foster home, sued the parents of one of the foster children for the tort of outrage. Sixteen months following commencement of the action, the defendants moved for summary judgment. In response, the plaintiffs sought a continuance for additional discovery. The trial court denied the motion for a continuance and entered summary judgment. In concluding that the trial court had not abused its discretion, we noted that the plaintiffs had offered no reason why the defendants could not have been deposed during the 16 months the case had been pending and that the plaintiffs "failed to even speculate as to what evidence they hoped to establish through the depositions or what genuine issues of material fact would be developed." *Lewis*, at 196. This analysis is persuasive here.

Vant Leven asserted that additional discovery was necessary to permit Dr. Hoover to render an opinion, but offered no explanation why a deposition could not have been held earlier during the 21 months the case had been pending.[1] While appellant also declared that answers to plaintiff's interrogatories were still outstanding, she failed to identify any interrogatories that might lead to information necessary for the expert opinion.

---

[1]At oral argument, counsel for appellant offered several reasons why Dr. Hoover did not provide an opinion at an earlier stage in the proceedings. Nothing in the record suggests that these reasons were presented to the trial court. In reviewing a summary judgment order, this court must consider the precise record that was before the trial court. *See American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962).

Dr. Hoover's carefully phrased affidavit was similarly unenlightening. Dr. Hoover stated that he needed to examine "additional records and review deposition testimony" before he could even render an opinion but failed to identify what additional records might be necessary, why they were unavailable, or even why the medical records submitted by Dr. Kretzler in conjunction with the summary judgment motion were insufficient. Nor did Dr. Hoover even refer to Dr. Kretzler's detailed factual account of the surgery. Finally, Dr. Hoover failed to specify or even speculate about evidence that might be revealed by a deposition or the outstanding answers to the interrogatories.

Based on the absence of any explanation for appellant's inability to obtain an expert's opinion or of any indication as to what evidence might be established through further discovery, we cannot say that the trial court abused its discretion in denying a continuance at the May 10, 1988, summary judgment hearing. *See Messerly v. Asamera Minerals, (U.S.) Inc.,* 55 Wn. App. 811, 780 P.2d 1327 (1989).

Appellant's reliance on *Cofer v. County of Pierce, supra,* is misplaced. In *Cofer,* we held that the trial court had abused its discretion in failing to grant a continuance to permit plaintiffs in a negligence action to obtain an affidavit from a crucial witness. Unlike the instant case, counsel in *Cofer* explained that he had just learned of the witness, had been out of town for a week, and that the witness was in the hospital and could not help prepare an affidavit. In addition, counsel's affidavit in support of the motion for a continuance recited with substantial detail what the affidavit would say. *Cofer,* at 260 n.1. None of these circumstances is present here.

Vant Leven next contends that material factual issues exist based on Dr. Kretzler's own account of the surgery and that the trial court therefore erred in entering summary judgment. In reviewing an order of summary judgment, an appellate court undertakes the same inquiry as the trial court and must determine whether the materials

submitted demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). This court considers the materials submitted and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

■ Dr. Kretzler submitted a detailed factual summary of the operations on Vant Leven. This affidavit was sufficient, under the circumstances, to satisfy the moving party's burden on summary judgment.[2] Once the moving party has sustained its burden, the

> nonmoving party . . . may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value . . . [and] must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists.

*Seven Gables Corp. v. MGM/UA Entertainment Co.,* 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Here, at the time summary judgment was entered, Vant Leven had submitted nothing beyond the bare allegations of the pleadings. Appellant argues that Dr. Kretzler's own affidavit raises an inference of negligence because "three (3) operations were necessary on the Appellant's spine at L–5." No authority has been cited suggesting that an inference of negligence sufficient to overcome a summary judgment motion arises when a patient undergoes multiple operations.

Nor does Dr. Hoover's supplemental declaration, submitted in support of the motion for reconsideration, raise a material factual issue. In his supplemental declaration, Dr.

---

[2]In the last sentence of her reply brief, appellant contends "there is a question if Respondents' affidavit itself is sufficient for summary judgment," citing *Nicholson v. Deal,* 52 Wn. App. 814, 764 P.2d 1007 (1988); *see also Parkin v. Colocousis,* 53 Wn. App. 649, 769 P.2d 326 (1989). Even assuming that this contention is properly raised for the first time in a reply brief, it is without merit. Dr. Kretzler's affidavit in support of summary judgment differs fundamentally from the type of affidavit found insufficient in *Nicholson.*

Hoover stated that "it appears more probable than not that the care and treatment provided by Dr. Kretzler fell below the standard of care in this medical community . . .". As the trial court observed, Dr. Hoover failed to identify any facts supporting this conclusion. Consequently, because Vant Leven failed to raise a material factual issue, the trial court did not err in entering summary judgment.[3]

Judgment affirmed.

GROSSE, A.C.J., and SCHOLFIELD, J., concur.

---

[3]Because Dr. Hoover's supplemental declaration failed, in any event, to raise a material factual issue, we need not consider respondent's contentions that Dr. Hoover's supplementary declaration was untimely and that Dr. Hoover was not competent to render an opinion.