[No. 9952-1-III.   Division Three.   March 15, 1990.]

ROBERT SIMMERMAN, *Appellant,* v. U–HAUL COMPANY OF INLAND NORTHWEST, *Respondent.*

*Richard C. Greiner* and *Greiner Law Offices,* for appellant.

*Darrell K. Smart* and *Gavin, Robinson, Kendrick, Redman & Pratt, P.S.,* for respondent.

GREEN, A.C.J.—Robert Simmerman appeals a summary dismissal of an action against his former employer, U–Haul Company of Inland Northwest (hereinafter U–Haul), for wrongful termination. He contends the court erred in concluding his employment was terminable at will and that he was not handicapped. We affirm.

In November 1983, Mr. Simmerman was employed part time by U–Haul as a packer and loader in Yakima. Subsequently, he became employed full time, approximately 50 percent of that time as a moving consultant for Movers World, a division of U–Haul. On July 13, 1985, he injured his back on the job. He did not report the injury to U–Haul until August 23 when he was given a 30–day leave. On the same date, he filed an accident report with the Department of Labor and Industries. On October 1, Mr. Simmerman reported to U–Haul and requested an additional 30 to 60 days' leave. He was advised his position could not be held open any longer and he was terminated.

On May 9, 1986, Robert Ackerman, U–Haul's manager for compensation programs, received a letter dated March 20 from Mr. Simmerman's attorney informing him Mr. Simmerman was having difficulty obtaining other employment because U–Haul's records indicated he had been terminated. The letter also stated Mr. Simmerman had been released to work by his physician and was capable of fully performing the duties he had before the accident. Mr. Ackerman responded that Mr. Simmerman's supervisor had not heard from him since October 1, 1985; they were unaware of any release by his physician; and while Mr. Simmerman was off work, a decision was made to eliminate his position for economic reasons. His position had not been refilled. Mr. Ackerman indicated in his letter that Mr. Simmerman's records would be changed to reflect he had been laid off, not terminated.

On March 16, 1988, Mr. Simmerman brought this action for wrongful discharge. U–Haul moved for summary judgment on the basis his employment was terminable at will. Mr. Simmerman resisted the motion, arguing he was discharged because he was handicapped.[1] He stated by way of affidavit that after his release to work, he could have fully performed all job functions at U–Haul, except heavy lifting,

---

[1]This was the first time Mr. Simmerman raised the allegation of handicap discrimination.

and would have accepted any number of positions had they been offered to him. He also stated his position could be justified economically with some supporting documentation. U–Haul responded with affidavits and letters exchanged between Mr. Simmerman's attorney and Mr. Ackerman, essentially stating Mr. Simmerman's position had been eliminated for economic reasons.

The court found U–Haul made no implied promise of continued employment, Mr. Simmerman failed to provide "any" evidence of his handicap status, and his termination was for economic reasons. The court concluded Mr. Simmerman's employment was terminable at will and granted summary judgment. He appeals.

First, Mr. Simmerman contends the court erred in concluding his employment was terminable at will. He argues giving up his former position with Allied Van Lines in 1983 was sufficient consideration to prevent his discharge. We disagree.

Mr. Simmerman's failure to support this contention with any reference to the record precludes review. RAP 10.3(a)(5); *State v. Hensler,* 109 Wn.2d 357, 745 P.2d 34 (1987). Moreover, the record before us indicates there was no specific or implied promise for continued employment until retirement or specific promises regarding termination. His subjective understanding of the terms of his employment and termination is not supported by any objective verbal manifestations or written contract. The court's conclusion the position was terminable at will is supported by the record. In any event, forgoing other job opportunities is not sufficient independent consideration to defeat an employer's right to terminate employment at will.[2] *Roberts v. ARCO,* 88 Wn.2d 887, 895–96, 568 P.2d 764 (1977).

Second, Mr. Simmerman contends he was terminated because he was handicapped. We disagree.

---

[2] *Collins v. Parsons College,* 203 N.W.2d 594 (Iowa 1973), relied upon by Mr. Simmerman, is not applicable. Mr. Collins was promised tenure and a specific salary over a 5–year period; after 2 years the college terminated his contract.

Unfair employment practices are defined in RCW 49.60. Mr. Simmerman relies on RCW 49.60.180(2) which states it is an unfair practice for an employer to "discharge or bar any person from employment because of . . . the presence of any sensory, mental, or physical handicap." The Human Rights Commission defines handicap as follows:

(a) A condition is a "sensory, mental, or physical handicap" if it is an abnormality and is a reason why the person having the condition did not get or keep the job in question . . . In other words, for enforcement purposes a person will be considered to be *handicapped* by a sensory, mental, or physical condition if he or she is *discriminated against because of the condition* and the condition is abnormal.

(b) "The presence of a sensory, mental, or physical handicap" includes, but is not limited to, circumstances where a sensory, mental, or physical condition:

(i)   Is medically cognizable or diagnosable;

(ii)  Exists as a record of history; or

(iii) Is perceived to exist, whether or not it exists in fact.

WAC 162–22–040(1)(a), (b); *Phillips v. Seattle,* 111 Wn.2d 903, 906–07, 766 P.2d 1099 (1989). The first definition under this regulation, subsection (b)(i), depends upon expert medical testimony, under (b)(ii) upon medical documentation and under (b)(iii) upon state of mind. *Phillips,* at 909–10.

At the time of the summary judgment hearing, the court could determine as a matter of law whether the condition constituted a handicap. *Reese v. Sears, Roebuck & Co.,* 107 Wn.2d 563, 731 P.2d 497 (1987). *Phillips,* decided shortly after the hearing, held the question of whether a person is handicapped and whether the condition was the reason for dismissal should be decided by a trier of fact. *Phillips,* at 909–10 (overruling *Reese* and *Kimmel v. Crowley Maritime Corp.,* 23 Wn. App. 78, 596 P.2d 1069, *review denied,* 92 Wn.2d 1026 (1979) insofar as they are inconsistent). Mr. Simmerman argues *Phillips* precludes the court from determining, as it did here, as a matter of law whether he

was handicapped or terminated for economic reasons. We do not find *Phillips* controlling.

■ The burden is on the employee to present a prima facie case of discrimination. *Dean v. Metropolitan Seattle,* 104 Wn.2d 627, 637, 708 P.2d 393 (1985). At a minimum, Mr. Simmerman is required to present some evidence of a handicap and that the handicap was the reason for the discharge.

■ Mr. Simmerman has not presented any medical evidence of his handicap. In fact, he admits that on February 15, 1986, he was released by his physician *to return to work.* He first claimed a handicap status when he opposed U–Haul's motion for summary judgment.[3] His controverting affidavit states "[a]fter my release to work, I could have fully performed all job functions of all divisions of U–Haul Company of Inland Northwest, except for heavy lifting. . . . I could not do heavy lifting because of the possibility of re–injuring my back." Mr. Simmerman

> may not rely on speculation, argumentative assertions that unresolved factual issues remain, or *in having [his] affidavits considered at face value . . .* [and] must set forth specific facts that sufficiently rebut the moving party's contentions . . ..

(Italics ours.) *Seven Gables Corp. v. MGM/UA Entertainment Co.,* 106 Wn.2d 1, 13, 721 P.2d 1 (1986); *Vant Leven v. Kretzler,* 56 Wn. App. 349, 355, 783 P.2d 611 (1989).

The unrebutted evidence presented by U–Haul reflects Mr. Simmerman was released to work and capable of fully performing those duties he had prior to his industrial accident. Although the question of whether a condition is a handicap is generally one for the jury, Mr. Simmer-

---

[3]Mr. Simmerman has appended to his brief a letter dated May 29, 1987, and a disability verification form from his physician to support his handicap status. This documentation was not part of the record supplied on appeal and was not considered by the trial court at the summary judgment hearing. Both of these reasons preclude their consideration by this court. *Vant Leven v. Kretzler,* 56 Wn. App. 349, 353 n.1, 783 P.2d 611 (1989).

man is still required to present credible evidence of that condition. He did not. Thus, summary judgment was properly granted.

Affirmed.

THOMPSON and SHIELDS, JJ., concur.