[No. 26491-5-I.   Division One.   December 18, 1991.]

KEVIN ROBERT MICHELSEN, ET AL, *Appellants*, v.
THE BOEING COMPANY, *Respondent*.

*Steven N. Ross; David S. Marshall* and *Prince, Kelley, Newsham & Marshall, P.S.,* for appellants.

*Russell L. Perisho* and *Perkins Coie,* for respondent.

GROSSE, C.J. — Kevin and Kathleen Michelsen appeal the order on summary judgment partially dismissing their suit against The Boeing Company (Boeing). The Michelsens sued Boeing for wrongful discharge and for Boeing's alleged violations of the medical restriction policy while Mr. Michelsen was employed at Boeing. The discharge was based on his violation of the terms of the policy during his employment.

In August of 1986 Mr. Michelsen was injured while working as a painter at a Boeing plant. He was riding a bicycle from one end of the plant to the other carrying a 5-gallon can of paint thinner. While still on the bicycle he set the can of paint thinner down and twisted his back as he did so. Pain resulted extending from his neck through his right

shoulder and down his back. This cervical scapular strain restricted Mr. Michelsen's ability to perform certain functions at work. Over the following year Mr. Michelsen was on medical leave off and on for a period adding up to approximately 9 months. Boeing attempted to accommodate Mr. Michelsen by placing him in different jobs at its plant. Finally, Boeing found a job for him in its decal shop, having him sit and cut out decals. At least two of Mr. Michelsen's attending physicians, as well as the chief physician of the Boeing clinic and an independent professional vocational counselor, approved this position for Michelsen, taking into consideration all of his reports and complaints. He returned to work in July of 1987, worked at the position for 3 weeks, and decided he could no longer perform the job. Mr. Michelsen ceased going to work. His physicians told him there was nothing objectively wrong with him and that he should return to work. He did not return to work. Over the course of the next several weeks he was repeatedly asked to provide medical authorization for being away from work. He was warned that failure to do so would result in termination. Shortly thereafter, when no medical authorizations were received,[1] Boeing notified Michelsen he was terminated for extended unexcused absences. On that same day another physician told Michelsen there was no reason he should not return to work.

The Michelsens sued Boeing for wrongful discharge and for violation of Mr. Michelsen's medical restrictions during his employment at Boeing. The trial court granted partial summary judgment to Boeing by dismissing the wrongful discharge claim. The parties then stipulated to the dismissal of the claim that Boeing had violated the medical restrictions policy. The result is that the case has been dismissed in its entirety. The Michelsens appeal the court's decision dismissing the wrongful discharge claim.

The Michelsens claim the court erred in determining there was no genuine issue of material fact as to whether

---

[1] In fact, one of Michelsen's attending physicians reported to Boeing that he should return to work. (Affidavit of Von Lossow and letter from Dr. Stump.)

Boeing failed to reasonably accommodate Mr. Michelsen's "handicap". Relying on *Phillips v. Seattle,* 111 Wn.2d 903, 766 P.2d 1099 (1989) and *Kimbro v. ARCO,* 889 F.2d 869 (9th Cir. 1989), *cert. denied,* ___ U.S. ___, 112 L. Ed. 2d 28, 111 S. Ct. 53 (1990), the Michelsens claim the questions presented here are ones for a jury's determination and cannot be decided as a matter of law by the court.

Indeed, the *Phillips* case holds that the questions of the existence of a handicap and the reasonable accommodation of that handicap are questions of fact for a jury. *Phillips,* 111 Wn.2d at 910-11. Further, in *Kimbro,* the Ninth Circuit held that the failure of Kimbro's employer to offer a handicapped employee at least one leave of absence violates RCW 49.60. *Kimbro,* 889 F.2d at 879; *see* 889 F.2d at 879 n.10.

■ ■ However, the Michelsens' argument ignores those cases shifting the burden back to the nonmoving party in a summary judgment action. In *Ruffer v. St. Frances Cabrini Hosp.,* 56 Wn. App. 625, 784 P.2d 1288, *review denied,* 114 Wn.2d 1023 (1990), the court indicated a trial court may decide a factual issue as a matter of law if there is only one conclusion that reasonable minds could reach. *See Ruffer,* 56 Wn. App. at 627-28. "While generally a question of fact is properly left to the trier of fact, when reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law." *Trane Co. v. Brown-Johnston, Inc.,* 48 Wn. App. 511, 513, 739 P.2d 737 (1987). Once there has been an initial showing by the party bringing the summary judgment motion that there are no material facts for a jury to decide, *see Hash v. Children's Orthopedic Hosp. & Med. Ctr.,* 110 Wn.2d 912, 916, 757 P.2d 507 (1988), the party opposing such motion must respond with more than conclusory allegations, speculation or argumentative assertions of the existence of unresolved factual issues. *Baldwin v. Sisters of Providence in Wash., Inc.,* 112 Wn.2d 127, 132, 769 P.2d 298 (1989); *see also Grimwood v. University of Puget Sound, Inc.,* 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988).

■ Thus, to withstand the motion for summary judgment the Michelsens must present evidence that a handicap, as defined by regulation, exists and further that the handicap was the reason for the discharge. Additionally, as the Michelsens were the party opposing the summary judgment, they may not rely on the affidavits at face value but must set forth specific facts to rebut the moving party's contentions. *Simmerman v. U-Haul Co. of Inland Northwest*, 57 Wn. App. 682, 789 P.2d 763 (1990).

Unfair employment practices are defined in RCW 49.60. The Michelsens rely on RCW 49.60.180(2) which states it is an unfair practice for an employer to "discharge or bar any person from employment because of . . . the presence of any sensory, mental, or physical handicap."[2]

■ ■ The burden is on the Michelsens to present a prima facie case of discrimination. *Dean v. Municipality of Metro Seattle*, 104 Wn.2d 627, 637, 708 P.2d 393 (1985); *Simmerman v. U-Haul Co. of Inland Northwest*, 57 Wn. App. at 687. At a minimum, they are required to present evidence of a handicap and that the handicap was the reason for the discharge. The Michelsens did not present any medical evidence of a continuing handicap. Mr. Michelsen was released to return to work. The Michelsens have presented the documentation showing that Mr. Michelsen had an injury. However, they have not presented evidence that he is unable to work. They cannot rely on speculation

---

[2]The Washington State Human Rights Commission defines handicap as follows:

"(a) A condition is a 'sensory, mental, or physical handicap' if it is an abnormality and is a reason why the person having the condition did not get or keep the job in question . . . In other words, for enforcement purposes a person will be considered to be *handicapped* by a sensory, mental, or physical condition if he or she is *discriminated against because of the condition* and the condition is abnormal.

"(b) 'The presence of a sensory, mental, or physical handicap' includes, but is not limited to, circumstances where a sensory, mental, or physical condition:

"(i) Is medically cognizable or diagnosable;

"(ii) Exists as a record or history; or

"(iii) Is perceived to exist, whether or not it exists in fact." WAC 162-22-040(1)(a), (b); *Phillips v. Seattle*, 111 Wn.2d at 906-07.

and assertions that issues remain, but must set forth specific facts rebutting Boeing's affidavits and contentions that Mr. Michelsen failed to follow the procedures regarding notification. Further, the Michelsens failed to rebut the affidavits of Mr. Michelsen's own physicians. *See Seven Gables Corp. v. MGM/UA Entertainment Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986); *Vant Leven v. Kretzler*, 56 Wn. App. 349, 355, 783 P.2d 611 (1989).

The unrebutted evidence presented by Boeing is that Mr. Michelsen was released to return to work. Further, Boeing accommodated Mr. Michelsen by attempting to place him in a variety of employment situations. With the help of physicians and vocational counselors, Boeing successfully placed him at the plant.

The case before the panel is easily distinguishable from both the *Phillips* and *Kimbro* cases. In *Phillips* the Washington Supreme Court held that the definition of a handicap for purposes of RCW 49.60 should be derived from WAC 162-22-040. While this allows a broader definition of handicap, the presence of a handicap is still a requirement. Although at an earlier time this case may have presented an issue as to the presence of a handicap, at the time of termination there was no reasonable evidence of any condition that could be found to be a handicap restricting Mr. Michelsen's ability to work at the job found for him.

Further, the case is distinguishable from *Kimbro* in that Boeing moved Mr. Michelsen from position to position and consulted with vocational experts and physicians to attempt to accommodate his painful condition. However, in *Kimbro*, Mr. Kimbro's employer did nothing to accommodate him. Boeing further provided 9 months of intermittent medical leave over a period of 12 months. These accommodations were reasonably given to help Mr. Michelsen find a solution to his limitations. He failed to get the proper medical leave documentation to Boeing and did not heed warnings. In *Kimbro*, the only possible accommodation financially or logically feasible for the employer was to pro-

vide Kimbro with a leave of absence, which it did not do. In the instant case, four leaves of absence were granted to Mr. Michelsen. An additional leave was never requested by him; it was not shown to be his only reasonable option; and, in fact, was not shown to be necessary. This case and *Kimbro* are considerably different.

The decision of the trial court is affirmed.

KENNEDY and AGID, JJ., concur.