9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip C. TILLMAN, Plaintiff-Appellant,
v.
SAFEWAY STORES, INC., a foreign corporation, Defendant-Appellee.
 No. 92-35140.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Oct. 27, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-appellant, Philip C. Tillman, appeals pro se the district court's grant of summary judgment in favor of the defendant-appellee Safeway Stores. In a well-reasoned and extensive opinion, the district court reviewed all of the issues in the case and correctly held that summary judgment was proper.
 
 
 3
 As the district court noted, Tillman's state law breach of contract and unlawful discharge claims were based on the alleged breach of a collective bargaining agreement. As such, they are preempted by § 301 of the Labor Management Relations Act of 1947, Ch. 120, 61 Stat. 136, 156 (codified as amended at 29 U.S.C. § 185(a) (1988)), which provides an exclusive remedy and supercedes state law tort claims requiring interpretation of collective bargaining agreements. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-13 (1985). To the extent plaintiff may have a cause of action under § 301, dismissal is required because plaintiff has failed to exhaust contractual grievance and arbitration remedies. Clayton v. International Union, 451 U.S. 679, 681 (1981); Jackson v. Southern Cal. Gas Co., 881 F.2d 638, 646 (9th Cir.1989).
 
 
 4
 The plaintiff brought federal and state law claims, alleging discrimination on the basis of a handicap. As to the federal claim, the district court correctly held that there is no private cause of action under § 503 of the Rehabilitation Act of 1973, Pub.L. No. 93-112, 87 Stat. 355, 393 (codified as amended at 29 U.S.C. § 793 (1988)). Fisher v. City of Tucson, 663 F.2d 861, 863-67 (9th Cir.1981) (applying Cort v. Ash, 422 U.S. 66 (1975)), cert. denied, 459 U.S. 881 (1982). With respect to the state claim, summary judgment was appropriate because plaintiff failed to produce any evidence of handicap or evidence that handicap was the reason for discharge. Simmerman v. U-Haul, 789 P.2d 763, 765 (Wash.App.1990). Absent such production, there was no material issue of fact as to the reason for plaintiff's termination, which was designated as insubordination and was not related to plaintiff's physical condition.
 
 
 5
 The district court correctly held that plaintiff's federal age discrimination claim was barred by the two-year statute of limitations in the Age Discrimination in Employment Act. 29 U.S.C. §§ 255(a) & 626(e) (1988). Although there is a three-year limitations period under the ADEA for willful violations, as a matter of law, plaintiff cannot establish willful discrimination.
 
 
 6
 With respect to the merits of plaintiff's age discrimination claims, there was no showing of any direct evidence that age entered into the termination decision. Safeway produced evidence that the termination was for insubordination and reasons unrelated to age. Under federal and Washington law, once that burden of production is met, the plaintiff bears the ultimate burden of showing pretext, and must advance some evidence of pretext to avoid summary judgment. Grimwood v. University of Puget Sound, Inc., 753 P.2d 517, 521 (Wash.1988); see Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir.1988). Plaintiff has advanced no such evidence. Moreover, Tillman, at 57, was replaced by a 54-year-old employee, who also was within the group protected by age discrimination statutes. This fact casts serious doubt upon whether the plaintiff had even made a legally sufficient prima facie case.
 
 
 7
 For all of the above reasons, the district court properly ruled that the appellant was not entitled to a jury trial. Nothing in this appeal or in the record which the district court reviewed casts doubt about the soundness of this ruling.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3