IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KERRY J. TAYLOR, a single person, | ) | No. 74127-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN P. NOHR and JANE DOE | ) | |
| NOHR, husband and wife, and the | ) | |
| marital community composed thereof; | ) | UNPUBLISHED OPINION |
| ALAN P. NOHR, D.D.S., P.S., a | ) | |
| Washington professional corporation, | ) | FILED: November 7, 2016 |
| | ) | |
| Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WARREN J. LIBMAN and JANE DOE | ) | |
| LIBMAN, husband and wife, and the | ) | |
| marital community composed thereof; | ) | |
| ELLIE McCORMICK and JOHN DOE | ) | |
| McCORMICK, wife and husband, and | ) | |
| the marital community composed | ) | |
| thereof; and WARREN LIBMAN, D.D.S., | ) | |
| M.S.D., P.S., a Washington professional | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

BECKER, J. — The expert deposition testimony provided by the plaintiff was insufficient to establish causation in her negligence case against her dentist. We affirm the trial court's grant of summary judgment to the dentist.

Between November 2007 and June 2011, respondent Dr. Alan Nohr, a dentist, provided dental care to appellant Kerry Taylor. He extracted a decayed tooth, restored four teeth, and placed one bridge.

On February 13, 2014, Taylor filed a complaint against Dr. Nohr, his wife, and his professional corporation, among other defendants. Taylor alleged that Dr. Nohr was negligent in his care and treatment of her.

On July 31, 2015, the parties deposed Taylor's designated expert, Dr. Kim Larson. Dr. Larson repeatedly testified that he could not say that any alleged negligence by Dr. Nohr caused any injury to Taylor.

One week later, Dr. Nohr moved for summary judgment. Dr. Nohr argued that Taylor had not met her burden of proving causation, relying heavily on Dr. Larson's testimony.

The next month, Taylor responded to Dr. Nohr's motion for summary judgment. Taylor attached a transcript of Dr. Larson's deposition testimony. In this transcript, which Dr. Larson described as "corrected," Dr. Larson changed his testimony to opine that Dr. Nohr's negligence caused injury to Taylor.

Dr. Nohr replied, arguing that the court should reject Dr. Larson's changed deposition testimony, and that even his changed testimony was insufficient to defeat summary judgment because it was too conclusory to prove causation.

Taylor filed a response to Dr. Nohr's reply on September 18, 2015, the same day the court hearing on Dr. Nohr's motion for summary judgment was scheduled. Taylor attached Dr. Nohr's deposition, which she had just taken four days earlier. She argued that Dr. Nohr admitted he breached his own standard

2

of care by not making a diagnosis and putting that diagnosis on the chart before rendering care.

The court conducted the hearing as scheduled and granted Dr. Nohr's motion for summary judgment, finding that "no reasonable jury could possibly find that the plaintiff has proved causation by Nohr."

Taylor unsuccessfully moved for reconsideration. She appeals.

We review summary judgment orders de novo, considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Keck, 184 Wn.2d at 370. A party moving for summary judgment can meet its burden by pointing out to the trial court that the nonmoving party lacks sufficient evidence to support an essential element of his or her case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989).

In a medical malpractice case, the plaintiff must prove proximate cause. RCW 7.70.040(2). Proximate causation generally must be established by expert testimony. Grove v. PeaceHealth St. Joseph Hosp., 182 Wn.2d 136, 144, 341 P.3d 261 (2014). Thus, a defendant moving for summary judgment can meet his initial burden by showing that the plaintiff lacks competent expert testimony. Young, 112 Wn.2d at 226-27. The burden then shifts to the plaintiff to produce an affidavit from a qualified expert witness that alleges specific facts establishing a cause of action. Young, 112 Wn.2d at 226-27.

Affidavits containing conclusory statements without adequate factual support are insufficient to defeat a motion for summary judgment. CR 56(e); Ruffer v. St. Frances Cabrini Hosp. of Seattle, 56 Wn. App. 625, 628, 784 P.2d 1288, review denied, 114 Wn.2d 1023 (1990); Vant Leven v. Kretzler, 56 Wn. App. 349, 356, 783 P.2d 611 (1989). A fact is "what took place, an act, an incident, a reality as distinguished from supposition or opinion." Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988). The "facts" required by CR 56(e) to defeat a summary judgment motion are evidentiary in nature. Grimwood, 110 Wn.2d at 359. Ultimate facts or conclusions of fact are insufficient. Grimwood, 110 Wn.2d at 359. Likewise, conclusory statements of fact will not suffice. Grimwood, 110 Wn.2d at 360.

Here, Dr. Nohr moved for summary judgment pointing out that Taylor lacked sufficient evidence to support causation. The burden then shifted to Taylor to produce an affidavit from a qualified expert witness alleging specific facts that established causation. See Young, 112 Wn.2d at 226-27.

According to Dr. Larson, Dr. Nohr violated the standard of care by not documenting certain diagnoses in Taylor's chart before treating her teeth. In his "corrected" deposition, when asked whether this alleged violation caused any injury to Taylor, Dr. Larson gave the following responses:

> A. Yes. Crowning teeth without a reason irreversibly damages teeth. . . .
> . . . .
> A. Yes he did. No diagnosis, or reason to treat Ms. Taylor. He treated and damaged all of the teeth he placed crowns and bridgework on. . . .
> . . . .

A. I'm saying that he did damage Ms. Taylor's teeth since he had no reason clearly written in the chart to treat those teeth. Crowns should not be done on teeth without a clear reason written in the patient record.

. . . .

A. He caused an injury. He crowned teeth without a reason to or diagnosis.

In his declaration, Dr. Larson also opined that "at the very least, Ms. Taylor has been damaged by suffering through unnecessary unjustified treatment which caused her harm and pain."

Dr. Larson fails to identify any specific facts establishing that any negligence by Dr. Nohr caused injury to Taylor. He opines that because Dr. Nohr did not write certain diagnoses in Taylor's medical chart, he had no diagnosis or reason to treat those teeth and therefore damaged them. This assumption does not logically follow—just because Dr. Nohr did not write certain diagnoses on Taylor's medical chart does not mean that he did not have a diagnosis or reason to perform the work, or that the work damaged Taylor's teeth. Dr. Larson's purported facts are not evidentiary in nature; they are conclusory statements. Therefore, even Dr. Larson's "corrected" affidavit fails to allege specific facts establishing causation and is insufficient to defeat Dr. Nohr's motion for summary judgment. See Grimwood, 110 Wn.2d at 359.[1]

Taylor argues that the trial court erred "when it refused to accept the stated changes for deposition and refused to consider changes even though a

---

[1] Given this conclusion, we need not address the parties' argument as to whether Dr. Larson's "corrected" deposition testimony, in direct contradiction to his original testimony, may be used to establish a genuine issue of material fact under the rule established in Marshall v. AC&S, Inc., 56 Wn. App. 181, 782 P.2d 1107 (1989).

reason was given." But both the court's oral decision and written order granting summary judgment reflect that the court considered the so-called corrections to Dr. Larson's deposition. The court found that, even given this evidence, "no reasonable jury could possibly find that the plaintiff has proved causation by Nohr." For the reasons detailed above, we agree with the trial court's conclusion.

Taylor next argues that even if Dr. Larson's testimony was insufficient to raise a genuine issue of material fact as to causation, Dr. Nohr's deposition testimony was. Taylor, however, asks us to infer causation from Dr. Nohr's testimony that a diagnosis generally must be recorded on the patient's chart and that he did not record certain diagnoses on Taylor's chart. Taylor does not point to any part of Dr. Nohr's testimony where he addresses causation. As discussed above, the mere failure to record certain diagnoses on a patient's chart does not prove causation. Dr. Nohr's deposition testimony is insufficient to raise a genuine issue of material fact as to causation.

Affirmed.

Becker,

WE CONCUR:

6