IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JONG HWAN BAE, | ) | |
| | ) | No. 76928-6-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ARLINGTON SPINE CENTER, P.L.L.C., | ) | |
| a Washington professional limited | ) | |
| liability corporation; SCOTT PESEAU, | ) | |
| D.C., individually; RHONDA PESEAU, | ) | |
| D.C., individually, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondents. | ) | FILED: October 22, 2018 |
| | ) | |

SMITH, J. — Jong Hwan Bae appeals the trial court's dismissal of her medical negligence and premises liability claims against Arlington Spine Center PLLC and Drs. Scott and Rhonda Peseau (collectively Arlington Spine). Ms. Bae argues that the trial court abused its discretion by denying her CR 56(f) request for a continuance with respect to Arlington Spine's motion for summary judgment on her medical negligence claim. Ms. Bae also argues that the trial court erred by summarily dismissing both of her claims and by denying her motion for reconsideration regarding the dismissal of her premises liability claim. Because Ms. Bae had neither retained an expert nor explained why one could not have been retained by the time she requested a continuance, the trial court did not abuse its discretion by denying Ms. Bae's continuance request. And because

Ms. Bae could not establish essential elements of her medical negligence claim without an expert, summary judgment was proper on that claim. Summary judgment was also proper on Ms. Bae's premises liability claim because that claim is for damages for injuries resulting from health care, for which the exclusive remedy is found in chapter 7.70 RCW. Therefore, we affirm.

FACTS

On April 19, 2013, Ms. Bae visited Arlington Spine Center for treatment. There, Dr. Rhonda Peseau (Dr. Peseau) arranged Ms. Bae on an elevated decompression table for lumbar decompression treatment. After the lumbar decompression treatment was finished, the decompression table was adjusted for cervical decompression, and treatment began. What happened next is disputed. Ms. Bae alleges that the cervical decompression treatment ended and that she called out a couple of times because she was alone in the room when the treatment finished. She alleges that she then fell asleep and that the next thing she remembers is falling off the decompression table to the ground, landing on her hip, and screaming in pain. Arlington Spine, on the other hand, contends that Ms. Bae tried to get off the table herself before the cervical decompression ended, and Ms. Bae later admitted, in response to Arlington Spine's requests for admission, that she "tried to get off the decompression table by [herself] when [she] believed the cervical decompression treatment was over." Clerk's Papers at 299. Additionally, Dr. Peseau testified via declaration that when she entered the treatment room after hearing Ms. Bae cry out, the decompression table was still cycling, meaning that traction was still being administered. The parties do

2

not dispute that Ms. Bae sustained injuries as a result of her fall.

Ms. Bae sued Arlington Spine on April 13, 2016, under theories of medical negligence and premises liability. In her complaint, Ms. Bae alleged, among other things, that Drs. Rhonda and Scott Peseau "had a duty to act within the standard of care regarding the treatment provided to [Ms. Bae,]" and that they "breached their duty of care." Clerk's Papers at 325.

On June 2, 2016, Arlington Spine issued interrogatories and requests for production to Ms. Bae. Arlington Spine's interrogatories included a continuing request that Ms. Bae identify all experts that she intended to call at trial. Ms. Bae responded that the request was premature and that Ms. Bae had not yet decided which, if any, experts she would call at trial. Clerk's Papers at 287.

On February 24, 2017, after the parties conducted additional discovery, including the depositions of Ms. Bae and Dr. Peseau, Arlington Spine moved for summary judgment on Ms. Bae's medical negligence claim. Shortly thereafter, on March 2, 2017, Arlington Spine separately moved for summary judgment on Ms. Bae's premises liability claim. Ms. Bae did not file a substantive response to Arlington Spine's motion for summary judgment on the negligence claim. Instead, she filed a request for a 60-day continuance of the hearing to permit her to retain an expert. On March 24, 2017, the trial court denied Ms. Bae's continuance request and summarily dismissed Ms. Bae's medical negligence claim.

On April 7, 2017, the trial court granted Arlington Spine's motion for summary judgment on the premises liability claim, dismissing Ms. Bae's only

remaining claim. The trial court denied Ms. Bae's motion for reconsideration on May 4, 2017. Ms. Bae appeals.

## DISCUSSION

### I. Request for Continuance

Ms. Bae argues that the trial court erred by not granting her CR 56(f) continuance request. We disagree.

CR 56(f)[1] provides a remedy for a party who knows of the existence of a material witness and shows good reason why she cannot obtain the witness's affidavits in time for the summary judgment proceeding. Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989). "In such a case, the trial court has a duty to give the party a reasonable opportunity to complete the record before ruling on the motion." Id. (citing Lewis v. Bell, 45 Wn. App. 192, 196, 724 P.2d 425 (1986); Cofer v. Pierce County, 8 Wn. App. 258, 262-63, 505 P.2d 476 (1973)). But, the trial court may deny a motion for continuance if "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact." Id. (citing Lewis, 45 Wn. App. at 196; Sternoff Metals Corp. v. Vertecs Corp., 39 Wn. App. 333, 341-42, 693 P.2d 175

---

[1] CR 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that for reasons stated, the party cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

(1984)). We will not disturb a trial court's denial of a motion for continuance absent a showing of manifest abuse of discretion. Id. (citing Lewis, 45 Wn. App. at 196; 6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 56.24, at 56-800 to -804 (2d ed. 1988)). A trial court abuses its discretion "when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons," for example, where the trial court "relies on unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law." State v. Lord, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007).

Here, Ms. Bae argued in her continuance request that good reason existed for granting an extension because (1) she intended to retain an expert, (2) no trial date (or discovery cutoff) had been set, and (3) her investigations were ongoing. She also argued that a 60-day continuance would allow her to retain an expert to establish the applicable standard of care, and that establishing the standard of care would create a genuine issue of material fact as to whether that standard was breached.

The trial court did not abuse its discretion by denying Ms. Bae's continuance request. Vant Leven v. Kretzler, 56 Wn. App. 349, 783 P.2d 611 (1989), is instructive. In Vant Leven, also a medical negligence case, the plaintiff requested a CR 56(f) continuance to allow the plaintiff to obtain an expert opinion. Id. at 351-52. The trial court denied the request even though the defendant doctor's response to the plaintiff's interrogatories was still pending and even though the plaintiff had retained an expert, who stated via affidavit that he

5

needed additional time to examine records and review the defendant's deposition testimony. Id. at 351-52, 354. Here, no discovery was pending, and Ms. Bae had not even *retained* an expert by the time she filed her continuance request. Furthermore, nothing in the record suggests that Ms. Bae had even identified or consulted with prospective experts, and Ms. Bae failed to explain why an expert could not have been retained during the 11 months the case had been pending. This is notable because, in light of the allegations in her complaint and Arlington Spine's expert-related interrogatory, it should not have been a surprise to Ms. Bae that she would need to retain an expert to establish the applicable standard of care and to establish that the standard had been breached.

Based on the absence of any explanation for Ms. Bae's failure even to retain an expert, we cannot say that the trial court abused its discretion by denying Ms. Bae's continuance request. See Lewis v. Bell, 45 Wn. App. 192 (1986) (denial of continuance request not abuse of discretion where no explanation given for not obtaining deposition during 16-month pendency of action).

At oral argument, counsel for Ms. Bae speculated that Ms. Bae's trial counsel may have been waiting to review the defendants' depositions before retaining an expert. But, this argument is not persuasive given that the record indicates Ms. Bae's trial counsel did not order Dr. Peseau's deposition transcript until March 15, 2017, nearly two months after the deposition was taken and two days after the date of Ms. Bae's continuance request. Ms. Bae's counsel also argued that denial of Ms. Bae's continuance request, coupled with the trial

court's summary dismissal of Ms. Bae's claims, "completely precluded" Ms. Bae from bringing her case before a fact finder and constituted an "extreme result." Wash. Court of Appeals oral argument, Bae v. Arlington Spine Center, PLLC, No. 76928-6-I (Sept. 17, 2018), at 3 min., 53 sec. to 4 min., 0 sec. (on file with court). But, any preclusion resulted not from the trial court's rulings, but from Ms. Bae's failure to make an adequate showing why a continuance was warranted. Therefore, this argument is not persuasive.

II. Summary Dismissal of Claims

Ms. Bae next argues that the trial court erred by summarily dismissing her medical negligence claim and her premises liability claim. We disagree.

A. *Standard of Review for Summary Judgment*

We review summary judgment orders de novo. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). "[S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Elcon Const., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (second alteration in original) (quoting CR 56(c)). Although the evidence is viewed in the light most favorable to the nonmoving party, if that party is the plaintiff and she fails to make a factual showing sufficient to establish an element essential to her case, summary judgment is warranted. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Once the moving party shows there are no genuine issues of material fact, the nonmoving party must bring forth specific facts to rebut the moving party's contentions. Elcon Constr., 174 Wn.2d at 169. "The nonmoving

party may not rely on speculation, argumentative assertions, 'or in having its affidavits considered at face value; for after the moving party submits adequate affidavits, the nonmoving party must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists.'" Becker v. Wash. State Univ., 165 Wn. App. 235, 245-46, 266 P.3d 893 (2011) (quoting Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986)). "'A material fact is one upon which the outcome of the litigation depends.'" Baldwin v. Silver, 165 Wn. App. 463, 472, 269 P.3d 284 (2011) (quoting Vacova Co. v. Farrell, 62 Wn. App. 386, 395, 814 P.2d 255 (1991)).

### B. Dismissal of Medical Negligence Claim

Ms. Bae does not dispute that chapter 7.70 RCW governs civil actions resulting from medical negligence. Under the relevant portion of RCW 7.70.030, the plaintiff in a medical negligence claim has the burden of proving that her injury resulted from "the failure of a health care provider to follow the accepted standard of care." RCW 7.70.030(1). To satisfy this burden of proof, the plaintiff must show that the health care provider "failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances," RCW 7.70.040(1), and that "[s]uch failure was a proximate cause of the injury complained of." RCW 7.70.040(2). Additionally, the applicable standard of care as well as proximate cause must be established by expert testimony, except in those cases

8

where medical facts are "observable by laypersons and describable without medical training." Berger v. Sonneland, 144 Wn.2d 91, 110-11, 26 P.3d 257 (2001). Thus, for example, expert testimony may not be required where a physician amputates the wrong limb or pokes a patient in the eye while stitching a wound on the face. Young, 112 Wn.2d at 228.

Because Ms. Bae did not have expert testimony to establish the applicable standard of care or proximate cause and because Ms. Bae, who did not file a substantive response to Arlington Spine's motion for summary judgment on the negligence claim, did not argue below that no expert testimony was needed, the trial court did not err in summarily dismissing Ms. Bae's medical negligence claim.

Ms. Bae now argues for the first time on appeal that an expert is not necessary to prove her medical negligence claim. She cites two pre-2013 unpublished opinions in support of her argument. These citations violate GR 14.1(a), and we will neither consider nor discuss them. GR 14.1(a), (c). Ms. Bae also relies on Caldwell v. Knight, 92 Ga. App. 747, 89 S.E.2d 900 (1955), a 1955 case from Georgia. This reliance is misplaced. In Caldwell, the court observed that negligence can be proven by nonexpert witnesses in medical negligence cases that involve neither an incorrect diagnosis nor the application of the wrong standard of treatment. Id. at 903. This is not the rule in Washington, where "[a]bsent exceptional circumstances, a patient must produce expert testimony to establish whether the practice questioned is reasonably prudent." Housel v. James, 141 Wn. App. 748, 758, 172 P.3d 712 (2007). Caldwell is not

persuasive.

Ms. Bae also asserts that no expert is needed to evaluate "whether it was proper to leave someone unattended on a table." Brief of Appellants at 13. But this was not just any table—it was a chiropractic decompression table—and Dr. Peseau testified that she received training from the manufacturer regarding how to operate it. Dr. Peseau also testified that Ms. Bae was provided with instruction as to how to use the decompression table's emergency shut off button, which, when activated, would cause a beeping sound audible from outside the treatment room. Dr. Peseau testified further that before Ms. Bae's cervical traction treatment began, a strap was placed around Ms. Bae's forehead and a cradle was placed around her neck, and that it is not possible for a patient to get off the table without first removing the strap.[2] In short, expert testimony from a chiropractor would have been required to establish whether, under these circumstances, a reasonably prudent chiropractor would leave Ms. Bae unattended in the treatment room. RCW 76.70.040(1); see also Morton v. McFall, 128 Wn. App. 245, 253, 115 P.3d 1023 (2005) ("The standard of care required of professional practitioners 'must be established by the testimony of

_____

[2] Ms. Bae testified at her deposition that she did not remember whether a strap was placed around her head and that she did not hear the instructions regarding the emergency shut off button. However, these excerpts from Ms. Bae's deposition were not part of the trial court record when it considered Arlington Spine's motion for summary judgment on the negligence claim, and we will not consider them in reviewing the trial court's order on that motion. See Am. Universal Ins. Co. v. Ranson, 59 Wn.2d 811, 815, 370 P.2d 867 (1962) ("In an appellate review of a summary judgment . . . , this court can review only those matters that have been presented to the trial court for its consideration before entry of the summary judgment.").

experts who practice in the same field.'" (quoting McKee v. Am. Home Prods. Corp., 113 Wn.2d 701, 706, 782 P.2d 1045 (1989)). Because Ms. Bae did not present such testimony, she could not establish essential elements of her medical negligence claim. Therefore, the trial court did not err when it summarily dismissed Ms. Bae's medical negligence claim.

C. Dismissal of Premises Liability Claim

Ms. Bae argues that she can maintain a separate premises liability claim against Arlington Spine despite the trial court's dismissal of her medical negligence claim. We disagree.

In Washington, chapter 7.70 RCW provides the exclusive remedy for damages for injuries resulting from "health care." RCW 7.70.030; Beggs v. Dep't of Soc. & Health Servs., 171 Wn.2d 69, 79, 247 P.3d 421 (2011). The term "health care" is not defined by statute but has been defined by this court to mean "'the process in which [a physician is] utilizing the skills which he had been taught in examining, diagnosing, treating or caring for the plaintiff as his patient.'" Branom v. State, 94 Wn. App. 964, 969-70, 974 P.2d 335 (1999) (alteration in original) (quoting Estate of Sly v. Linville, 75 Wn. App. 431, 439, 878 P.2d 1241 (1994)); see also Beggs, 171 Wn.2d at 79. This court has observed that chapter 7.70 RCW "sweeps broadly." Branom, 94 Wn. App. at 969.

Ms. Bae cites only two cases in support of her argument that her premises liability claim is not barred by chapter 7.70 RCW. These cases are not persuasive. The first, Osborn v. Public Hospital District I, 80 Wn.2d 201, 492 P.2d 1025 (1972), was decided before the enactment of chapter 7.70 RCW.

Therefore, the court did not consider whether the plaintiff's claims resulted in "health care" or whether they were barred by chapter 7.70 RCW. Osborn does not control. The second, Butzberger v. Foster, 151 Wn.2d 396, 89 P.3d 689 (2004), and specifically its discussion of Owens v. Ocean Accident & Guarantee Corp., 194 Ark. 817, 109 S.W.2d 928 (1937), is also unpersuasive. In Butzberger, the issue was whether a person was "using a vehicle" such that he would be entitled to insurance coverage. Butzberger, 151 Wn.2d at 402. The court observed that the question of whether one was "using a vehicle" is so common an inquiry in the insurance industry that the Court of Appeals had established a four-factor test. Id. The court then discussed Owens, a 1937 case from Arkansas, in evaluating one of those four factors, i.e., whether the injured party was engaged in "a transaction essential to the use of the vehicle." Id. at 406. Specifically, the Butzberger court observed that in Owens, the court concluded that an ambulance's insurance policy covered a person who fell off a stretcher as she was being carried from her home to the ambulance, because use of the stretcher was an "essential transaction" in connection with the use of the ambulance. See id. Neither Butzberger nor Owens informs whether Ms. Bae's injuries resulted from "health care."

Ms. Bae also contends that she should be able to maintain a premises liability claim because she was "arguably . . . merely resting on the table and not undergoing medical treatment at the time of her fall." Brief of Appellants at 15. But, Ms. Bae's claim is readily distinguishable from claims involving a health care provider's misrepresentation, violation of law, entrepreneurial activities, or

12

medical battery, which courts have concluded are not exclusively governed by chapter 7.70 RCW. See, e.g., Beggs, 171 Wn.2d 69 (claim for violation of statutory duty to report suspected child abuse not barred); Young v. Savidge, 155 Wn. App. 806, 230 P.3d 222 (2010) (claim for intentional misrepresentation not barred); Bundrick v. Stewart, 128 Wn. App. 11, 114 P.3d 1204 (2005) (claim for medical battery not barred); Estate of Sly v. Linville, 75 Wn. App. 431, 878 P.2d 1241 (1994) (claim for misrepresentation not barred); Quimby v. Fine, 45 Wn. App. 175, 724 P.2d 403 (1986) (Consumer Protection Act claim not barred when doctor promotes an operation or service to increase profits and patient volume). Indeed, allowing Ms. Bae to pursue a separate premises liability claim under the facts at bar would make a health care provider potentially vulnerable to a premises liability claim anytime a patient is even briefly unattended in a treatment room. Such an outcome would be contrary to the policy underlying chapter 7.70 RCW, which this court has observed was originally adopted in response to the escalating cost of medical malpractice insurance and the corresponding rise in health care costs, Bennett v. Seattle Mental Health, 150 Wn. App. 455, 460, 208 P.3d 578 (2009), modified on remand, 166 Wn. App. 477, 269 P.3d 1079 (2012), and which "modifies procedural and substantive aspects of *all* civil actions for damages for injury occurring as a result of health care, *regardless of how the action is characterized*." Branom, 94 Wn. App. at 969 (second emphasis added). For these reasons, we conclude that Ms. Bae's premises liability claim is barred by chapter 7.70 RCW.

As a final matter, Ms. Bae requested, and the trial court denied,

reconsideration of its order dismissing Ms. Bae's premises liability claim. Because the trial court properly dismissed that claim, the trial court did not abuse its discretion by denying Ms. Bae's motion for reconsideration. Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005) ("Motions for reconsideration are addressed to the sound discretion of the trial court and a reviewing court will not reverse a trial court's ruling absent a showing of manifest abuse of discretion.").

We affirm.

_____

WE CONCUR:

_____        _____

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 OCT 22 AM 8: 45